OPINION.
{¶ 1} Appellant, Kenneth E. McDowell, appeals from his guilty plea in the Portage County Court of Common Pleas of possession of marijuana and funding of marijuana trafficking.
 {¶ 2} On February 6, 1998, appellant was indicted by a Portage County Grand Jury of possession of marijuana, complicity to trafficking in drugs, possession of criminal tools and funding of marijuana trafficking. At his arraignment, appellant entered a plea of not guilty.
 {¶ 3} On April 22, 1998, pursuant to a plea agreement, appellant issued a written guilty plea with the trial court to the charges of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(e), and funding of marijuana trafficking, in violation of R.C. 2925.05. The trial court accepted appellant's guilty plea, and, in accordance with the plea agreement, the counts of complicity to trafficking drugs and possession of criminal tools were dismissed.
 {¶ 4} On May 15, 1998, following a sentencing hearing, the trial court filed its judgment entry sentencing appellant to three years of incarceration on each count, the terms to be served consecutively.[1]
As part of his sentence, appellant was also assessed a mandatory fine of $5,000 for each count, and his driver's license was suspended for five years.
 {¶ 5} During appellant's incarceration, the Portage County Sheriff, pursuant to a writ of execution, seized an aluminum canoe owned by appellant. The canoe was later sold at an auction, and its proceeds were applied to appellant's fines and court costs.
 {¶ 6} On February 19, 1999, appellant filed a pro se motion to vacate the trial court's order requiring payment of court costs, fines and/or restitution. As part of his motion to vacate, appellant attached an affidavit of indigency which stated that he had no means of financial support and no assets of any value. Ultimately, the trial court denied appellant's motion to vacate.
 {¶ 7} On April 15, 1999, appellant filed a pro se delayed motion to withdraw his guilty plea. Appellant argued that his guilty plea should be withdrawn because the trial court failed to inform him that he was not eligible for parole and failed to inform him of the maximum penalty for his offenses. On May 6, 1999, the trial court issued a judgment entry denying appellant's delayed motion to withdraw his guilty plea.
 {¶ 8} Appellant then filed an appeal with this court regarding the trial court's denial of his delayed motion to withdraw his guilty plea. We affirmed the judgment of the trial court and found that appellant substantially understood the implications of his plea and the rights that he waived.
 {¶ 9} On November 2, 2001, appellant filed with the trial court a pro se motion to correct an illegal sentence. Appellant argued that his sentence violated the double jeopardy clause of both the Ohio Constitution and United States Constitution. Furthermore, appellant contended that the trial court erred by failing to consider the minimum sentence of one year, and did not conform with the mandates of R.C.2929.19(B)(2) and 2929.14(B). Appellant also maintained that the trial court erred in imposing consecutive terms of incarceration without following the proper statutory requirements.
 {¶ 10} The trial court issued a judgment entry on November 9, 2002, which overruled appellant's motion to correct an illegal sentence. Subsequently, this court granted appellant's motion for leave to file a delayed appeal and allowed for appointment of counsel.
 {¶ 11} In the present appeal, appellant sets forth six assignments of error for our consideration:
 {¶ 12} "[1.] Appellant's convictions for both funding of marijuana trafficking and possession of marijuana violate the double jeopardy clauses as set forth in the United States Constitution and R.C. 2941.25.
 {¶ 13} "[2.] The trial court erred by imposing sentences greater than the minimum sentence available upon appellant, in violation of R.C.2929.14(B).
 {¶ 14} "[3.] The trial court erred by imposing consecutive sentences upon appellant.
 {¶ 15} "[4.] The trial court violated appellant's right to due process, as set forth in the United States and Ohio Constitutions, by issuing a judgment of forfeiture concerning appellant's property.
 {¶ 16} "[5.] The trial court erred in imposing $10,000 in fines upon appellant when the court had clear evidence before it of appellant's indigence.
 {¶ 17} "[6] The appellant received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution."
 {¶ 18} In his first assignment of error, appellant contends that the counts of possession of marijuana and funding of marijuana trafficking are allied offenses of similar import under R.C. 2941.25(A) and (B). Appellant concludes that his separate convictions on both counts establishes double jeopardy.
 {¶ 19} As an initial matter, we note that appellant failed to properly object to the trial court's failure to merge the two counts. Appellant's failure to raise the issue of merger in the trial court constitutes a waiver of the error claimed. State v. Comen (1990),50 Ohio St.3d 206, 211. Generally, "`an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" State v. Campbell (1994), 69 Ohio St.3d 38, 40, quoting State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Therefore, appellant waived his challenge as to merger on appeal. Appellant's first assignment of error is meritless.
 {¶ 20} Despite our finding that appellant has waived any challenge to the issue of merger, further examination clarifies that the trial court did not err in failing to merge the two offenses. R.C. 2941.25
governs the issue of whether multiple counts should be merged. In relevant part it states:
 {¶ 21} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 22} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 23} R.C. 2941.25(A) provides that if a defendant's actions can be construed to establish two or more allied offenses of similar import, the defendant may be punished for only one offense. State v. Rance,85 Ohio St.3d 632, 636, 1999-Ohio-632. However, pursuant to R.C.2941.25(B), if a defendant commits allied offenses of similar import, but each offense has a separate animus, then the defendant may be punished for both offenses. Rance at 636.
 {¶ 24} Based upon R.C. 2941.25, the Supreme Court of Ohio set forth the Nicholas-Blankenship two-step analysis to determine when a criminal defendant can be sentenced for multiple offenses stemming from one criminal act. State v. Nicholas (1993), 66 Ohio St.3d 431, 434, citing State v. Blankenship (1988), 38 Ohio St.3d 116, 117. In the first step, "the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. * * *" Blankenship at 117. If, however, the crimes are found to be of dissimilar import our inquiry is at an end and the counts will not be merged.
 {¶ 25} "In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Id.
 {¶ 26} When examining the first step, the statutory elements of each offense must be compared in the abstract. Rance at 637. In other words, the court should align the elements of each offense, and inquire whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. State v. Childs, 88 Ohio St.3d 558, 561, 2000-Ohio-425.
 {¶ 27} Appellant concedes that when compared in isolation the elements of both offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other. Nevertheless, appellant argues that by comparing the elements of each offense in conjunction with the specifications of each offense such correspondence is present. We disagree.
 {¶ 28} Generally, when a specification does not charge a separate offense, it "cannot merge with a substantive offense." State v. Dennis,79 Ohio St.3d 421, 432, 1997-Ohio-372, citing State v. Adams (1978),53 Ohio St.2d 223, 226. Furthermore, when a specification does not charge a separate offense, R.C. 2941.25(A) is not applicable as it only allows for an abstract comparison of offenses. Dennis at 433.
 {¶ 29} In the instant case, the specifications for each offense are identical. Both explained that appellant, at the time of the commission of the offense, was in possession of $119,080. The specifications further explain that this money was used or intended to be used to commit, or to facilitate the commission of the offense.
 {¶ 30} First we note that the specifications cannot be merged with each offense as to facilitate an abstract comparison. Also, the specifications do not represent separate offenses charged against appellant. Thus, we must limit our review, under R.C. 2941.25(A), to the elements of the actual offenses. A review of the elements of each offense makes clear that the commission of possession of marijuana does not necessarily result in the commission of funding marijuana trafficking. For this additional reason, appellant's first assignment of error is meritless.
 {¶ 31} Appellant's second assignment of error contends that the trial court erred by failing to specify any of the factors under R.C.2929.14(B) on the record. In his appellate brief, appellant explains that his previous criminal record indicated he had not previously been incarcerated. Consequently, appellant argues that the trial court was required to impose the minimum sentence, unless it found one or both of the requirements under R.C. 2929.14(B) were present, and then stated its findings on the record.
 {¶ 32} In pertinent part R.C. 2929.14(B) states:
 {¶ 33} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense[,] * * * unless one or more of the following applies:
 {¶ 34} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 35} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 36} In State v. Edmonson, 86 Ohio St.3d 324, 326,1999-Ohio-110, the Supreme Court of Ohio clarified what information a trial court must include in a sentencing hearing record to properly impose a sentence that is longer than the minimum. The Court explained that "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons [under R.C. 2929.14(B)] for exceeding the minimum term warranted the longer sentence." Id.
 {¶ 37} Appellant points out that the trial court failed to expressly state on the record that it had found either or both of the two statutory requirements. Appellant, however, fails to observe that his sentence was based upon a jointly recommended sentence.
 {¶ 38} We have previously held that "[b]ecause the court was imposing a jointly recommended sentence, * * * the Edmonson requirements relating to R.C. 2929.14(B), did not need to be met." State v. Salsgiver
(Aug. 10, 2001), 11th Dist. No. 2000-T-0048, 2001 WL 909328, at 3. Our holding was based upon R.C. 2953.08(D) which states, in part: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge." Id.
 {¶ 39} In the case sub judice, appellant entered a written plea agreement with the trial court which stated that appellant was pleading guilty to possession of marijuana and funding of marijuana trafficking. It further stated that each count was to carry a maximum penalty of one to five years in prison.
 {¶ 40} At the sentencing hearing the prosecutor stated:
 {¶ 41} "[p]ursuant to Rule 11(F) negotiations between the State of Ohio and the defense, the defendant agreed and the state agreed the appropriate sentence would be for the defendant to serve three years in prison on each count, and that three years on each count would run consecutively."
 {¶ 42} Following the prosecutor's statement, appellant's trial counsel agreed that the negotiations as stated were pursuant to Crim.R. 11(F), and the recommended sentence would be three years on each of the counts, to run consecutively.
 {¶ 43} The record indicates that appellant freely and knowingly entered into the plea agreement and jointly recommended sentence.[2]
The only issue is whether the law authorizes the recommended sentence. "`[A] jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense.'" Salsgiver at 2, quoting State v. Bristow (Jan. 29, 1999), 3d Dist. No. 3-98-21, 1999 Ohio App. LEXIS 941, at 6. In the case sub judice, each offense was a felony of the third degree, which carries a maximum statutory penalty of five years incarceration. The imposed recommended sentence was for three years on each count. This is well within the maximum term prescribed by statute. Therefore, the trial court was not required to state its findings, under R.C. 2929.14(B), on the record to properly impose its sentence. Appellant's second assignment of error is without merit.
 {¶ 44} Under his third assignment of error, appellant contends that the trial court erred by failing to present on the record its findings relating to the statutory requirements of R.C. 2929.14(E)(4) regarding consecutive sentences. Appellant concludes that absent a record supporting such a finding, the trial court's imposition of consecutive sentences was baseless and unlawful and must be vacated.
 {¶ 45} Appellant correctly states that the trial court must make its findings relating to R.C. 2929.14(E)(4) on the record before imposing consecutive sentences. Appellant, however, again fails to recognize the effect of a jointly recommended sentence.
 {¶ 46} We find the case of State v. Harris (Dec. 31, 2001), 10th Dist. No. 01AP-340, 2001 Ohio App. LEXIS 5989, to be analogous to the case at bar. In Harris, the trial court sentenced the defendant to a prison term of two years on each of three separate counts, to be served consecutively. Id. at 2. This consecutive sentence was based upon a joint recommendation between the defendant and the prosecution. Id. Ultimately, the court in Harris found "[w]hile defendant asserts that the trial court failed to state the specific reasons for imposing consecutive sentences, such findings were unnecessary because the sentence imposed was an agreed sentence * * *." Id. at 10. Such is the case here, in which appellant and the prosecution set forth an agreed upon recommended sentence of three years for each count, to run consecutively.
 {¶ 47} Since the trial court adopted the parties' recommended sentence for consecutive terms of incarceration, the trial court was not required to state its findings on the record. Accordingly, appellant's third assignment of error is meritless.
 {¶ 48} In his fourth assignment of error, appellant contends that his due process rights were violated by the issuance of a judgment of forfeiture for various pieces of his property without notification and/or a forfeiture hearing.[3] Specifically, appellant claims that the following items of personal property have been usurped by the Portage County Police Department prior to his receipt of proper notification and/or a forfeiture hearing: (1) $119,080 confiscated during the commission of the offenses charged; (2) $487.18 taken from appellant's pants pocket; (3) a Bayliner boat; and (4) an aluminum canoe.
 {¶ 49} First, we will examine appellant's claims as to the $119,080, $487.18, and the Bayliner boat. Appellant argues that if these items have been forfeited, appellant's due process rights have been violated since appellant received no notification of such forfeiture, and no forfeiture hearing was held.
 {¶ 50} After reviewing the record, it is unclear as to the whereabouts and status of these three pieces of property. Absent from the record is any evidence that the property has been forfeited or otherwise disposed of by the police department.
 {¶ 51} It is well established that it is the defendant's responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support his or her assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "Without those portions of the record necessary for the resolution of assigned errors, `the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings[.]'" Thrower v. Akron Dept. of Pub. Hous.Appeals, 9th Dist. No. 20992, 2002-Ohio-4530, 2002 Ohio App. LEXIS 4667, at 6-7, quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Thus, appellant has failed to supply us with any recorded evidence of the forfeiture status or whereabouts of these three pieces of property.[4] As a result, we are unable to determine the legitimacy of this portion of appellant's assignment of error. Accordingly, the regularity of the trial court's proceedings is presumed. Appellant's arguments regarding these three pieces of property is not well taken.
 {¶ 52} As to the canoe, the record demonstrates that a canoe was seized by police authorities, pursuant to a writ of execution ordered by the trial court, and later forfeited. The seizure and forfeiture of the canoe were made pursuant to R.C. 2949.15 for the purpose of paying court costs. On appeal, appellant submits that prior to this forfeiture a hearing was required.
 {¶ 53} Our analysis of this issue begins with an examination of R.C. 2947.23, as it governs the trial court's authority to impose court costs on a defendant who is convicted of a felony. This section provides that "[i]n all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. * * *" In accordance with this section, R.C. 2949.15 sets forth the proper procedure for the clerk of the court of common pleas to execute a forfeiture of a defendant's property to pay court costs. In pertinent part, R.C. 2949.15 states:
 {¶ 54} "If a nonindigent person convicted of a felony fails to pay the costs of prosecution pursuant to section 2949.14 of the Revised Code, the clerk of the court of common pleas shall forthwith issue to the sheriff * * * executions against his property for fines and the costs of prosecution * * *.
 {¶ 55} "When a levy is made upon property under such execution, a writ shall forthwith be issued by the clerk for the sale thereof, and such sheriff shall sell the property and make return thereof, and after paying the costs of conviction, execution, and sale, pay the balance to the person authorized to receive it."[5]
 {¶ 56} The language of R.C. 2949.15 does not require the trial court to hold a hearing or special proceeding prior to the forfeiture of property. Furthermore, despite this section's use of the word "nonindigent[,]" the trial court is not precluded from assessing and enforcing court costs against an indigent defendant. With respect to this point, we note that R.C. 2949.15 and 2949.14 are analogous sections, as both are intended to enable the clerk to collect money from a defendant for payment of court costs. This being the case, we note a recent opinion from the Fifth Appellate District stating that:
 {¶ 57} "R.C. 2949.14 does not govern the court's ability to order costs. The statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C.2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. In the event the indigent defendant at some point ceases to be indigent, the clerk could then collect costs pursuant to the procedure outlined in R.C. 2949.14. Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant. * * *" State v. White, 5th Dist. No. 02CA23,2003-Ohio-2289, at ¶ 9.
 {¶ 58} Although White dealt specifically with R.C. 2949.14, we find its reasoning to be persuasive authority to guide in our analysis of R.C. 2949.15. Moreover, the reasoning applied by the Fifth District mirrors the analysis utilized by this court in State v. Pasqualone
(2000), 140 Ohio App.3d 650. In Pasqualone, we found that a trial court is not precluded from assessing court costs on an indigent defendant convicted of a felony. Specifically, we explained that:
 {¶ 59} "`In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.'
 {¶ 60} "In this present matter, the trial court imposed court costs, not fines, against appellant. We also note that R.C. 2947.23
commands that `in all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.' Even if the trial court was required to consider appellant's ability to pay court costs, `* * * Ohio law does not forbid a trial court from imposing court costs on an indigent defendant convicted of a felony.' * * *" Id. at 657, quoting Strattman v. Studt
(1969), 20 Ohio St.2d 95, 102 and State v. Payne (Dec. 20, 1999), 5th Dist. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, 2000 WL 1405, at 3.
 {¶ 61} Based upon the foregoing analysis, it is evident that the trial court was not required to hold a hearing prior to the seizure and forfeiture of appellant's canoe, regardless of his possible indigent status. This portion of appellant's assignment of error is also not well taken. Appellant's fourth assignment of error is without merit.
 {¶ 62} In his fifth assignment of error, appellant argues that the trial court erred in imposing $10,000 in mandatory fines when evidence of appellant's indigence was before the trial court. Appellant points to his presentence investigation report and the trial court's previous finding of appellant's indigency, which warranted appointment of counsel, as evidence of his indigency.
 {¶ 63} We must first evaluate R.C. 2929.18(B)(1) to determine whether the trial court erred in imposing the mandatory fines for possession of marijuana and funding of marijuana trafficking. R.C.2929.18(B)(1) states:
 {¶ 64} "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the courtprior to sentencing that the offender is indigent and unable to pay themandatory fine and if the court determines the offender is an indigentperson and is unable to pay the mandatory fine described in thisdivision, the court shall not impose the mandatory fine upon theoffender." (Emphasis added.)
 {¶ 65} R.C. 2929.18(B)(1) requires that an indigent offender file an affidavit with the trial court prior to his or her sentencing to be exempt from paying a mandatory fine.
 {¶ 66} In the instant case appellant failed to supply the trial court with an affidavit attesting to his indigency. Instead, appellant requests that we rely upon his presentence investigation report and the trial court's previous finding of indigency for appointment of counsel as evidence of his indigency for sentencing purposes. We decline to do so.
 {¶ 67} In State v. Gipson, 80 Ohio St.3d 626, 634, 1998-Ohio-659, the Supreme Court of Ohio held that the failure of a party to supply the trial court with an affidavit attesting to his indigency "is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." Id. The Court further stated that the statute is clear and unambiguous as to the requirement that an affidavit be filed before sentencing. Id. at 633. Accordingly, the presentence investigation report submitted prior to sentencing does not act to replace a properly filed affidavit. As a result, appellant's argument that the trial court was put on notice of his indigency is not well taken.
 {¶ 68} Furthermore, in State v. Grissom, 11th Dist. No. 2001-L-107, 2002-Ohio-5154, 2002 Ohio App. LEXIS 5206, this court was presented with the issue of whether the trial court erred by imposing mandatory fines when a defendant failed to submit an affidavit of indigency, but had previously been found to be an indigent for the purpose of appointment of counsel. We found that there is an important distinction to be made between indigency as it relates to a defendant's right to counsel and proof of indigency required to avoid a mandatory statutory fine. Id. at ¶ 34.
 {¶ 69} The trial court, when determining indegency for avoidance of a mandatory fine, has wide latitude to determine whether an offender is in fact indigent. Id. at ¶ 35. In other words, when deciding whether a defendant is an indigent for the purpose of appointment of counsel, the trial court need only inquire into the defendant's indigency status at the time the request for counsel was made. Id. However, when evaluating indigency for the avoidance of a mandatory fine, the trial court may inquire into the defandant's ability to pay the mandatory fine in the future, and is not limited to the indigency status of the defendant at the time the fine was imposed. Id.
 {¶ 70} This being the case, the trial court's finding that appellant was an indigent requiring appointment of counsel is irrelevant to our determination of whether appellant was an indigent and entitled to avoid a mandatory fine. Due to appellant's failure to supply the trial court with an affidavit of indigency prior to sentencing, we find that the requirements of R.C. 2929.18 have not been met. Accordingly, appellant's fifth assignment of error is without merit.
 {¶ 71} Finally, appellant's sixth assignment of error contends that he received ineffective assistance of counsel. Appellant's issue for review queries whether his trial counsel was ineffective where the record reveals that counsel failed to object to or request a hearing concerning: (1) appellant's guilty plea to and conviction of allied offenses of similar import; and (2) appellant's sentence to mandatory fines, despite defendant's inability to pay.
 {¶ 72} To establish ineffective assistance of counsel, appellant must demonstrate "(1) deficient performance by counsel, i.e., that, in light of all the circumstances, counsel fell below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different." State v. Group,98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 132.
 {¶ 73} A threshold issue is whether appellant's counsel erred by failing to object to his guilty plea or by failing to file an affidavit of indigency prior to the trial court's sentence to pay mandatory fines. We previously found in appellant's first assignment of error that possession of marijuana and funding of marijuana trafficking are not allied offenses of similar import. Therefore, appellant's counsel did not err by failing to object to appellant's guilty plea in this respect.
 {¶ 74} Appellant also argues that he received ineffective assistance of counsel due to counsel's failure to supply the trial court with an affidavit of indigency regarding mandatory fines. It is important to recognize that judicial scrutiny of counsel's performance must be highly deferential, indulging a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance." Strickland v. Washington (1984), 466 U.S. 668, 694. Thus, "the defendant must overcome the presumption that under the circumstances, the challenged action `might be considered sound trial strategy'." Id. at 695.
 {¶ 75} We previously found that counsel's failure to file an affidavit of indigency prior to appellant's sentencing precluded appellant from objecting to the trial court's imposition of the mandatory fines. Ohio Courts have held that the failure to file an affidavit attesting to a defendant's indigency only establishes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent. See, e.g.,State v. Powell (1992), 78 Ohio App.3d 784; State v. Huffman (Jan. 26, 1995), 8th Dist. No. 63938, 1995 Ohio App. LEXIS 233.
 {¶ 76} Here, the presentencing investigation report provides evidence regarding appellant's employment history and educational background. The report shows that appellant was unemployed at the time of his arrest and collecting $159 per week in unemployment. His most recent job as a welder and electrician paid $9 an hour. Appellant's educational background was limited to a high school degree and a one hundred and twenty-hour security course.
 {¶ 77} Based upon the above information, it is reasonable to conclude that appellant could have proven himself indigent had his counsel submitted an affidavit of indigency. Therefore, to the limited extent that appellant's trial counsel failed to file an affidavit of indigency when appellant faced imposition of a mandatory fine, we find that appellant was denied effective assistance of counsel.
 {¶ 78} Appellant's sixth assignment of error is with merit. This matter is remanded to the trial court to allow appellant to file an affidavit of indigency as to the imposition of the $10,000 mandatory fine. The trial court is then required to hold a hearing to determine the indigency status of appellant and proceed in accordance with R.C.2929.18(B)(1).
 {¶ 79} Based upon the foregoing analysis we find appellant's first, second, third, fourth, and fifth assignments of error to be without merit. Appellant's sixth assignment of error is with merit. The judgment of the trial court is affirmed in part and reversed in part and the matter is remanded for further proceedings consistent with our findings.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] A nunc pro tunc order and judgment entry was issued on May 20, 1998, to correct a typographical error which was present in the original order and judgment entry.
[2] As stated previously, in appellant's original appeal we found that the plea agreement itself was valid, and appellant substantially understood the implications of his plea and the rights that he waived.
[3] As a preliminary matter, we note that appellee submitted a motion to supplement appellee's brief with a correction to its response to appellant's fourth assignment of error. This motion was presented to this court on the date of the instant case's hearing. We accepted the motion to supplement, and advised appellant that he may submit a brief in response to appellee's motion to supplement. Subsequently, appellant filed what amounted to a motion to strike appellee's motion to supplement. Because this court had already accepted appellee's motion to supplement, appellant's motion to strike is not well taken.
[4] Furthermore, appellant specifically forfeited his right to a special proceeding as to the $119,080 via his stipulation to forfeiture in his written plea agreement.
[5] In State v. Heil (Mar. 30, 2001), 11th Dist. No. 2000-G-2268, 2001 WL 314692, this court explained that the use of the term "nonindigent" in R.C. 2949.15's counterpart, R.C. 2949.14, displayed the legislatures intent to relieve indigent defendants who were convicted of felonies of the burden of court costs. However, the Supreme Court of Ohio vacated that decision in State v. Heil, 95 Ohio St.3d 531, 2002-Ohio-2841.