{¶ 15} The majority opinion correctly holds that the trial court exceeded its authority, more specifically, its jurisdiction to modify a sentence, by ordering Clevenger's unpaid court costs to be suspended. However, the majority proceeds to commit the same error by ordering the "suspension of payment of costs." For the following reasons, I must respectfully dissent.
 {¶ 16} Initially, the majority incorrectly states that Clevenger "did not request that the debt be abolished or modified." In fact, Clevenger requested of the court below that he "be declared indigent and the assessment of court costs and the obligation to pay such court costs * * * be suspended." A fair reading of Clevenger's motion reveals that Clevenger is seeking three things: 1) a declaration of indigency, 2) the suspension of the assessment of costs, and 3) the suspension of the obligation to pay costs.
 {¶ 17} Clevenger was not declared indigent when sentenced on October 15, 1999. Nor does Clevenger allege that he was indigent or otherwise unable to pay costs when the court ordered him to pay $351.26 in court costs. The argument for Clevenger's post-sentence suspension of "the assessment of court costs" and "the obligation to pay such court costs" is premised on his current, alleged indigency. It is well-settled by this court and others that issues of indigency and the payment of costs are res judicata if not raised on direct appeal. See State v.Pasqualone (11th Dist. 2000), 140 Ohio App.3d 650, 657-658 (and the cases cited therein).
 {¶ 18} The majority's opinion makes a distinction between the "assessment" of costs and the "collection" of costs. The majority notes that the original assessment of costs as part of Clevenger's sentence cannot be suspended, as that "might be construed as affecting Clevenger's sentence." The majority has no "conceptual or legal difficulty" with the trial court suspending collection of costs, i.e. "the manner in which the clerk should carry out the permissive duty of collecting the subject civil debt."
 {¶ 19} There are several problems with the majority's decision to suspend the collection of costs against Clevenger, or, as the majority states it, "to suspend payment of costs." The first is that Clevenger did not ask that efforts to collect costs be suspended. He asked that "the assessment of court costs" and "the obligation to pay such court costs * * * be suspended." This writer discerns no meaningful difference between suspending the assessment of court costs and the obligation to pay them.
 {¶ 20} The second is that no effort is currently being made to collect the $312.26 owed for court costs. Judgment for the execution of costs was entered, pursuant to R.C. 2949.15, on August 2, 2000, when the Trumbull County Sheriff was ordered to levy upon "the goods and chattels, * * * lands and tenements of DANIEL L. CLEVENGER" in satisfaction for these costs. At the time Clevenger filed his motion to suspend costs, he was a resident of Mercer County, Pennsylvania. There is no indication that the Trumbull County Sheriff has attempted to transfer the writ of execution from Trumbull County to Mercer County.
 {¶ 21} Third, Clevenger did not ask that the collection of costs against him be suspended because such relief will not benefit him. As Clevenger explained in his motion, the outstanding court costs must be removed before he is eligible for "cash benefits" under Pennsylvania welfare law. Under the applicable Pennsylvania law, cash "[a]ssistance may not be granted to any person who has been sentenced for a felony * * * and who has not otherwise satisfied the penalty imposed on that person by law. * * * As used in this clause, `satisfied the penalty' means * * * paid all fines, costs and restitution."62 P.S. § 432(9) (emphasis added). Merely suspending collection of the costs does not "satisfy the penalty" as along as the underlying debt remains, and the majority acknowledges that suspension or modification of this debt would be "improper."
 {¶ 22} Finally, the trial court is without jurisdiction even to suspend the collection of costs once executed. "The courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." State v. Smith (1989),42 Ohio St.3d 60, paragraph one of the syllabus. In the present case, the judgment for costs has been executed. There is no statute authorizing the trial court to order the "suspension of payment of costs" against Clevenger.
 {¶ 23} The majority avoids this difficulty by arguing that Clevenger's obligation to pay costs "is certainly part of his sentence for the felony he committed" but, "just as certainly, it is not * * * a criminal judgment." Instead, the majority describes Clevenger's obligation to pay costs as "a civil obligation arising from an implied contract." Citing Strattmanv. Studt (1969), 20 Ohio St.2d 95, paragraph six of the syllabus. Clevenger's obligation to pay costs certainly did not arise from any implied contract but was imposed by a criminal statute requiring all criminal defendants to pay costsregardless of their indigent status. R.C. 2947.23; State v.White, 103 Ohio St.3d 580, 2004-Ohio-5989, paragraph one of the syllabus.
 {¶ 24} The cases relied upon by the majority do not support the proposition that "the courts retain jurisdiction to review when to collect on past orders for costs." In White, the Ohio Supreme Court addressed "two questions * * *: first, whether a court may assess costs against an indigent defendant; and, second, whether those costs may be collected." 2004-Ohio-5989, at ¶ 1. The Supreme Court answered both questions in the affirmative. Id. at paragraphs one and two of the syllabus. While discussing, in dicta, the possible methods for collecting costs, the Supreme Court noted that when costs are assessed against an indigent defendant, the clerk of courts may attempt collection at a time when the defendant is no longer indigent. Id. at ¶ 15. The Supreme Court then cited to this court's decision in State v.McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, for the proposition that "a court may look at a defendant's current financial status to collect on a past order for costs." Id. at ¶ 15 n. 3.
 {¶ 25} In McDowell, as in this case, appellant had been assessed court costs pursuant to R.C. 2947.43 and failed to pay them. Appellant was not declared indigent at the time of sentencing. Thereafter, appellant's canoe was seized by writ of execution ordered by the trial court pursuant to R.C. 2949.15. On appeal, appellant challenged the seizure of his canoe, on the grounds that he was currently indigent and that the trial court failed to hold a forfeiture hearing before ordering the writ of execution. This court rejected these arguments, holding "it is evident that the trial court was not required to hold a hearing prior to the seizure and forfeiture of appellant's canoe, regardless of his possible indigent status." Id. at ¶ 61.
 {¶ 26} Nothing in White or McDowell supports the action taken by the majority in ordering "the suspension of payment of costs" where judgment for costs has already been executed pursuant to R.C. 2949.15.
 {¶ 27} Clevenger may properly remove the impediment that his unpaid court costs pose to his eligibility for cash benefits by making arrangements with the Trumbull County Clerk of Courts to pay these costs. Pennsylvania law allows recipients to receive cash benefits when they have made arrangements for satisfying the debt and remain "in compliance with an approved payment plan."62 P.S. § 432(9). Ordering the suspension of payment of costs will not aid Clevenger and sets a dubious precedent. Accordingly, the decision of the lower court should be reversed and remanded with instructions to vacate the judgment granting Clevenger relief, as the lower court is without any jurisdiction to grant Clevenger relief.
 {¶ 28} For the foregoing reasons, I dissent.