OPINION *Page 2 
{¶ 1} On March 8, 2006, the Muskingum County Grand Jury indicted appellant, Danny Gordon, on two counts of trafficking in drugs in violation of R.C. 2925.03 and R.C. 2925.11, one a felony in the third degree and the other a felony in the second degree. On December 11, 2006, appellant pled guilty to two counts in the third degree as amended. By entry filed January 29, 2007, the trial court sentenced appellant to an aggregate term of four years in prison and imposed an aggregate fine of $10,000.00.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT CONSIDERING R.C. 2929.11 AND R.C. 2929.12."
 II {¶ 4} "THE TRIAL COURT ERRED IN IMPOSING A MANDATORY FINE TO AN INDIGENT PERSON."
 I {¶ 5} Appellant claims the trial court erred in sentencing him. We disagree.
 {¶ 6} R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Page 3 
 {¶ 7} On December 11, 2006, appellant pled guilty to two counts of trafficking in drugs in the third degree. The plea form was signed by appellant, his counsel and the prosecutor. In exchange for the plea, appellant agreed to the following:
 {¶ 8} "The Defendant hereby acknowledges that through plea negotiations by and between the parties, he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows:
 {¶ 9} "In exchange for the Defendant's plea to Count One as charged and Count Two as amended, the State recommends that the Defendant receive an aggregate prison term of four (04) years." See, Plea of Guilty filed December 12, 2006.
 {¶ 10} The two counts of trafficking were felonies in the third degree. Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." Therefore, the four year aggregate sentence is authorized by law.
 {¶ 11} Appellant's sentence was part of a negotiated plea agreement and is authorized by law, therefore, the sentence is not subject to review pursuant to R.C. 2953.08(D). Furthermore, the state agreed to drop one of the trafficking counts from a felony in the second degree to a felony in the third degree. Appellant received a benefit and the trial court sentenced appellant to what was bargained for in the plea.
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims the trial court erred in imposing a mandatory fine because he is indigent. We disagree.
 {¶ 14} R.C. 2925.03(D) governs the imposition of a mandatory fine for a trafficking offense in the third degree and states the following in pertinent part: *Page 4 
 {¶ 15} "(D) In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code, and in addition to any other sanction imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty in violation of division (A) of this section shall do all of the following that are applicable regarding the offender:
 {¶ 16} "(1) If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent."
 {¶ 17} R.C. 2929.18(B)(1) states the following:
 {¶ 18} "(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3710., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
 {¶ 19} Therefore, the decision to impose a fine is not a discretionary one, but a mandatory requirement. "In order to avoid the mandatory fine, the offender must (1) allege in an affidavit filed with the court prior to sentencing that the offender is indigent *Page 5 
and unable to pay the mandatory fine, and (2) the court must determine that the offender is, in fact, indigent." State v. Grissom, Lake App. No. 2001-L-107, 2002-Ohio-5154. The maximum statutory fine for a felony of the third degree is $10,000. R.C. 2929.18(A)(3)(c). Therefore, the mandatory fine in the case sub judice would be at least half of the maximum fine, or $5,000, which was the fine imposed herein on each offense.
 {¶ 20} R.C. 2929.18(B)(1) requires that an indigent offender file an affidavit with the trial court prior to his or her sentencing to be exempt from paying a mandatory fine. In this case, appellant did not file the required affidavit prior to sentencing. Instead, appellant argues the trial court should have relied on its previous findings of indigency for appointment of trial and appellate counsel as evidence of his indigency for sentencing purposes. We disagree with this argument.
 {¶ 21} The Grissom court at ¶ 34 found, "there is an important distinction to be made between indigency as it relates to a defendant's constitutional right to counsel and proof of indigency required to avoid a mandatory statutory fine."
 {¶ 22} In State v. McDowell, Portage App. No. 2001-P-0149,2003-Ohio-5352, ¶ 69, our brethren from the Eleventh District stated the following:
 {¶ 23} "The trial court, when determining indigency for avoidance of a mandatory fine, has wide latitude to determine whether an offender is in fact indigent. * * *In other words, when deciding whether a defendant is an indigent for the purpose of appointment of counsel, the trial court need only inquire into the defendant's indigency status at the time the request for counsel was made. * * * However, when evaluating indigency for the avoidance of a mandatory fine, the trial court may inquire into the *Page 6 
defendant's ability to pay the mandatory fine in the future, and is not limited to the indigency status of the defendant at the time the fine was imposed. * * * " (Citations omitted.)
 {¶ 24} We concur with this analysis. Due to appellant's failure to supply the trial court with an affidavit of indigency prior to sentencing, we find that the requirements of R.C. 2929.18 have not been met.
 {¶ 25} Assignment of Error II is denied.
 {¶ 26} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1