[Cite as *State v. Leonard*, 2018-Ohio-374.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 BE 0043 |
| VS. | ) | |
| | ) | OPINION |
| CHANCE LEONARD | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
Common Pleas, Belmont County, Ohio
Case No. 16 CR 0124

JUDGMENT:                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee        Attorney Daniel P. Fry
Belmont County Prosecutor
Attorney Scott Lloyd
Assistant Prosecutor
147-A West Main Street
St. Clairsville, Ohio 49350

For Defendant-Appellant       Attorney Timothy Young
Ohio Public Defender
Attorney Stephen Hardwick
Assistant Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: January 26, 2018

DeGENARO, J.

{¶1} Defendant-Appellant, Chance Leonard, appeals the trial court's judgment rejecting his argument that the clerk improperly issued an execution of costs. As Leonard never filed an affidavit of indigency, his argument is meritless, and the trial court's judgment is affirmed.

{¶2} Leonard was indicted for one count of aggravated burglary and aggravated robbery, both with firearm specifications. Leonard pled guilty to an amended charge of burglary, and the aggravated robbery count was dismissed. The trial court imposed an eight year sentence. Additionally, Leonard was ordered to reimburse the State for the costs of supervision, confinement, and prosecution as authorized by law. The same day the sentencing judgment was filed, the clerk issued an execution for costs.

{¶3} In his sole assignment of error, Chance asserts:

The clerk improperly issued an execution for costs.

{¶4} Leonard argues that since he was ordered appointed counsel, that he is indigent and that the trial court cannot issue an execution for costs. The State did not file a brief.

> If a nonindigent person convicted of a felony fails to pay the costs of prosecution pursuant to section 2949.14 of the Revised Code, the clerk of the court of common pleas shall forthwith issue to the sheriff of the county in which the indictment was found, and to the sheriff of any other county in which the person has property, executions against his property for fines and the costs of prosecution[.]

R.C. 2949.15

{¶5} The Eleventh District held a defendant's failure to file the statutory indigency affidavit precluded the trial court from finding him indigent for purposes of sentencing, reasoning:

Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant. * * * " *State v. White*, 5th Dist. No. 02CA23, 2003-Ohio-2289, at ¶ 9.

Although *White* dealt specifically with R.C. 2949 .14, we find its reasoning to be persuasive authority to guide in our analysis of R.C. 2949.15.

* * *

R.C. 2929.18(B)(1) requires that an indigent offender file an affidavit with the trial court prior to his or her sentencing to be exempt from paying a mandatory fine.

In the instant case appellant failed to supply the trial court with an affidavit attesting to his indigency. Instead, appellant requests that we rely upon his presentence investigation report and the trial court's previous finding of indigency for appointment of counsel as evidence of his indigency for sentencing purposes. We decline to do so.

In *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998-Ohio-659, the Supreme Court of Ohio held that the failure of a party to supply the trial court with an affidavit attesting to his indigency "is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." Id. The Court further stated that the statute is clear and unambiguous as to the requirement that an affidavit be filed before sentencing. *Id.* at 633. Accordingly, the presentence investigation report submitted prior to sentencing does not act to replace a properly filed affidavit. As a result, appellant's argument that the trial court was put on notice of his indigency is not well taken.

Furthermore, in *State v. Grissom*, 11th Dist. No.2001-L-107, 2002-Ohio-

5154, 2002 Ohio App. LEXIS 5206, this court was presented with the issue of whether the trial court erred by imposing mandatory fines when a defendant failed to submit an affidavit of indigency, but had previously been found to be an indigent for the purpose of appointment of counsel. We found that there is an important distinction to be made between indigency as it relates to a defendant's right to counsel and proof of indigency required to avoid a mandatory statutory fine. *Id.* at ¶ 34.

*State v. McDowell*, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, ¶ 57-58; ¶ 65-68.

{¶6} Here there is no affidavit of indigency in the record. Despite this, Leonard argues that the order appointing trial counsel serves as proof of his indigency. This is insufficient; Leonard was required to file the affidavit before sentencing.

{¶7} Leonard additionally argues that the trial court was required to make a finding that he had failed to pay the costs of the action and as such the execution was improper. The record demonstrates that the costs are unpaid. Leonard does not cite any authority requiring particularized language or findings in a judgment entry prior to the execution.

{¶8} As Leonard's arguments are meritless, his assignment of error is overruled and the trial court's judgment is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.