OPINION
{¶ 1} Defendant, Oct Sheffield, appeals from his convictionand sentence for possession of crack cocaine.
 {¶ 2} Defendant was indicted on two counts of possession ofcrack cocaine in violation of R.C. 2925.11(A). The first countinvolved an amount equal to or exceeding twenty-five grams butless than one hundred grams. The second count involved less thanone gram. Following a jury trial Defendant was found guilty ofboth charges. The trial court sentenced Defendant to concurrentprison terms of four years on the first count and six months onthe second count. The court also imposed a mandatory ten thousanddollar fine.
 {¶ 3} On September 9, 2003, we granted Defendant leave to filea delayed appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 4} "Defense counsel rendered ineffective assistance ofcounsel when, before sentencing, he failed to prepare and file anaffidavit from mr. sheffield indicating that he was indigent andunable to pay a fine."
 {¶ 5} In order to demonstrate ineffective assistance of trialcounsel, Defendant must demonstrate that counsel's performancewas deficient and fell below an objective standard of reasonablerepresentation, and that Defendant was prejudiced by counsel'sperformance; that is there is a reasonable probability that butfor counsel's unprofessional errors, the result of Defendant'strial or proceeding would have been different. Strickland v.Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 6} Defendant argues that he was deprived of the effectiveassistance of counsel when, before he was sentenced, his trialcounsel failed to file an affidavit of indigency alleging thatDefendant was unable to pay the mandatory fine in R.C. 2929.18applicable to his felony drug offense. According to Defendant, asa result of his counsel's deficient performance, he was deprivedof the opportunity to avoid the ten thousand dollar fine thetrial court imposed upon him.
 {¶ 7} R.C. 2929.18(B)(1) establishes a procedure for avoidingimposition of mandatory fines applicable to certain felony drugoffenses. That section provides:
 {¶ 8} "If an offender alleges in an affidavit filed with thecourt prior to sentencing that the offender is indigent andunable to pay the mandatory fine and if the court determines theoffender is an indigent person and is unable to pay the mandatoryfine described in this division, the court shall not impose themandatory fine upon the offender."
 {¶ 9} At the sentencing hearing after the trial court imposedthe mandatory ten thousand dollar fine for this felony drugoffense, the following exchange occurred between defense counseland the trial court:
 {¶ 10} "COUNSEL: Your Honor, I'm just wondering and it's — onthe ten thousand dollar fine, was there a finding by theProbation Department that Mr. uh . . . Sheffield had any funds,uh . . .
 {¶ 11} "THE COURT: This is a — with a mandatory sentence,there has to be an Affidavit filed with the Court prior tosentencing that I agr — I believe, and there's no such Affidavitthat I'm aware of having been filed." (Sentence Tr. at p. 5).
 {¶ 12} Defense counsel pursued this matter no further.Defendant now argues that his counsel's deficient performance infailing to file an affidavit of indigency before sentencingresulted in a ten thousand dollar fine being imposed upon himthat could have been avoided but for counsel's deficientperformance.
 {¶ 13} The failure to file an affidavit of indigency prior tosentencing may constitute ineffective assistance of counsel ifthe record shows a reasonable probability that the trial courtwould have found Defendant indigent and relieved him of theobligation to pay the fine had the affidavit been filed. Statev. Cochran (June 5, 1998), Clark App. No. 97CA50; State v.Stearns (Oct. 9, 1997), Cuyahoga App. No. 71851; State v.Gilmer (April 26, 2002), Ottawa App. No. OT-01-015, 2002-Ohio-2045; State v. McDowell (Sept. 30, 2003), Portage App. No. 2001-P-0149, 2003-Ohio-5352; State v. Powell (1992),78 Ohio App.3d 784, 787; State v. Williams (1995),105 Ohio App.3d 471, 482.
 {¶ 14} Information regarding Defendant's financial status istypically outside the record on merit appeal. Then, the moreappropriate vehicle for pursuing that issue is post-convictionrelief proceedings filed pursuant to R.C. 2953.21. Cochran,supra. In this case there is insufficient evidence in the recordbefore us to demonstrate a reasonable probability that the trialcourt would have found Defendant indigent and unable to pay thefine had defense counsel filed an affidavit of indigency prior tosentencing.
 {¶ 15} Defendant told the trial court at sentencing that he isthirty-six years old, has no criminal record, and has been ableto keep himself employed. At the time of his arrest Defendant hadthree hundred forty seven dollars in cash on his person.Defendant was able to post a five thousand dollar secured bond inorder to obtain his release from jail pending trial. Furthermore,Defendant retained his own counsel for trial.
 {¶ 16} The only affidavit of indigency which appears in thedocket and journal entries in this case was filed by Defendantover eight months after he was sentenced and sent to prison. Thatis not, of course, an accurate reflection of Defendant'sfinancial condition at the time of sentencing.
 {¶ 17} On these facts and circumstances, we cannot concludethat a reasonable probability exists that the trial court wouldhave found Defendant indigent had his trial counsel filed anaffidavit of indigency prior to sentencing. Ineffectiveassistance of counsel has not been demonstrated.
 {¶ 18} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 19} "The trial court erred in not granting mr. sheffieldsufficient credit for time served in jail."
 {¶ 20} Defendant was arrested on March 22, 2002, and wasreleased on bond the same date. He remained free until October29, 2002, when he was found guilty by the jury and convicted ofpossession of crack cocaine. Defendant remained incarcerated fromthat date through his sentencing on November 11, 2002, until hewas eventually released for transport to state custody onNovember 19, 2002, a total of twenty-one days. He is entitled tocredit for those twenty-one days against the sentence the courtimposed. The issue presented is whether the court was required toaward him that credit.
 {¶ 21} Defendant represents that he has since been advised bythe Ohio Department of Rehabilitation and Correction that he willreceive but seven days of jail time credit. Defendant argues thatthe trial court erred when it failed to specify the correctnumber of days to which he is entitled, which would have avoidedthe Department's mistake. Indeed, the trial court failed tospecify any number of days to which Defendant is entitled to acredit.
 {¶ 22} The Department of Rehabilitation and Correction isrequired by law to award an offender the correct number of daysof jail time credit to which the offender is entitled against asentence he is serving. R.C. 2967.191. The sentencing court isnot required to calculate or specify those days or, in view ofthe statute's application, order that a credit be given. Statev. Reichelderfer (April 30, 1999), Montgomery App. No. 17445;State v. Marcum (May 30, 2002), Richland App. No. 01CA63-2. However, as we noted in Reichelderfer, it is the preferredpractice to at least specify the days in order to avoid mistakesof this kind.
 {¶ 23} For the foregoing reasons, we cannot find that thetrial court failed to discharge the duties imposed on it by lawwhen the court failed to award jail-time credit of any kind.Defendant's only recourse, in law, is a petition for a writ ofmandamus to require the Department to award him the correctnumber of days.
 {¶ 24} The trial court's failure in this case and theconfusion from which it arose appears to have resulted from thefact that a visiting judge presided. The assistant prosecutingattorney might have aided the court by reporting the correctnumber of days to specify in the termination entry, which is thepractice in Montgomery County, but instead stood mute while thecourt grappled with the problem. We encourage the MontgomeryCounty Prosecutor to act to correct the Department ofRehabilitation and Corrections records in order to avoid amandamus action.
 {¶ 25} The second assignment of error is overruled. Thejudgment of the trial court will be affirmed.
 {¶ 26} Brogan, J. and Young, J., concur.