DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Fulton County Court of Common Pleas after defendant-appellant was found guilty of trafficking in cocaine, a violation of R.C. 2925.03(A)(1), a felony of the fifth degree (Count 1); trafficking in cocaine, a violation of R.C. 2925.03(A)(1), a felony of the third degree (Count 2); and trafficking in cocaine, a violation of R.C. 2925.03(A)(1), a felony of the second degree (Count 3). Appellant, Charles E. Harris, Jr., appeals and sets forth the following assignments of error:
 {¶ 2} "First Assignment of Error: The trial court erred in finding him guilty of Count III of the indictment as venue in the Fulton County Court of Common Pleas was improperly predicated on a phone call originating in that jurisdiction.
 {¶ 3} "Second Assignment of Error: The decision of the trial court to impose consecutive sentences totaling nearly eight years in prison on defendant violates the Equal Protection provision of the United States and Ohio Constitutions where Russell and Lisa Collins, who were involved in selling cocaine received only short sentences of probation.
 {¶ 4} "Third Assignment of Error: It was error for the court to impose consecutive sentences in this case as doing so required the trial court to make findings of fact in violation of the holding of the United Stated Supreme Court in Blakely v. Washington.
 {¶ 5} "Fourth Assignment of Error: It was error for the trial court to deny defendant's motion for a new trial where a state witness had presented false testimony and the prosecution failed to correct that testimony.
 {¶ 6} "Fifth Assignment of Error: The court erred in ordering defendant to pay fines totaling $15,000, and the cost of his court appointed attorney without inquiring into defendant's ability after defendant had filed an affidavit of indigency incompliance with ORC2929.18(B)(1).
 {¶ 7} "Sixth Assignment of Error: If the affidavit of indigency filed by defendant was not sufficient for the purposes of ORC 2929.18(B)(1) defendant was denied effective assistance of counsel when his counsel did not have him prepare another such affidavit.
 {¶ 8} "Seventh Assignment of Error: The trial court erred in stating that it was ordering that defendant pay the mandatory minimum fine for Count Three and then miscalculating the mandatory minimum which is $7,500, not $10,000.
 {¶ 9} "Eighth Assignment of Error: Defendant was denied effective assistance of counsel where the court erred in stating that it was ordering that defendant pay the mandatory minimum fine for Count Three and then miscalculated the mandatory minimum fine and defense counsel failed to object."
 {¶ 10} Deputy David Schweinhagen is a law enforcement officer assigned to the Multi-Area Narcotic Task Force. The sole purpose of the task force is to investigate the sale and use of illegal drugs in five northwest Ohio counties, including Fulton and Henry counties.
 {¶ 11} Because they suspected that he was trafficking in drugs in their area, the task force conducted an 18 month investigation of appellant. On December 11, 2002, the task force obtained a warrant and executed a search of the home of Lisa and Russell Collins. The unit was looking for drugs allegedly sold by appellant to the Collins on County Road L in Fulton County. The search yielded drug paraphernalia and two packages of cocaine. The Collins admitted that they purchased the cocaine[1] from appellant on December 6, 2002. In return for reduced charges, they agreed to act as confidential informants.
 {¶ 12} According to the informants, it was appellant's policy to "front" his customers with cocaine and to collect payment at a later date. On the afternoon of December 13, 2002, Lisa Collins, while wearing a recording device and in the presence of members of the task force, called appellant from her home. The call was made to arrange a time and place for the payment of the monies owed for the cocaine delivered on the sixth of December. At appellant's trial, Lisa testified that appellant told her that Chad Sanford would pick up the money owed for the cocaine from the Collins residence and take it to appellant. Appellant also arranged to meet Lisa in the parking lot of a Wal-Mart located in Wauseon, Fulton County, Ohio in order to sell her more cocaine. The task force provided Lisa with $410 to pay for the December 6, 2002 purchase of cocaine.
 {¶ 13} On evening of December 13, 2002, Chad Sanford arrived at the Collins home and took $200 from Lisa for the cocaine sold to the Collins on December 6. Lisa was wearing a "wire;" therefore, the transaction was recorded by Deputy Schweinhagen who also had the home under surveillance. Lisa returned the remaining $210 to the deputy. Later that evening, Lisa Collins met appellant at the Wal-Mart parking lot and he gave her one-half ounce of cocaine.
 {¶ 14} On December 14, 2002, Lisa called the deputy. She told him that appellant contacted her to inform her that he had four ounces of cocaine that he needed to sell. Lisa met appellant at his residence in Napoleon, Ohio, which is in Henry County, on December 15, 2002. Again, she was "wired" so that the surveillance team could hear and record her conversation with appellant. Lisa gave appellant $500 for the cocaine given to her by appellant on December 13. After meeting with one of his suppliers, appellant furnished Lisa with one ounce of cocaine. On December 20, 2002, appellant went to the Collins house to get the $1,000 that Lisa owed for the one ounce of cocaine. Again, the funds given to appellant by Lisa were provided to her by the task force, and the entire transaction was recorded by the law enforcement officials.
 {¶ 15} As a result of the task force's investigation, appellant was indicted on three counts of trafficking in cocaine. Each count related to one of the controlled purchases of cocaine made by Lisa Collins. Although indicted on felony drug counts, Lisa and Russell were allowed to plead to one count of permitting drug abuse, a misdemeanor, and placed on probation.
 {¶ 16} After a trial to the bench, appellant was found guilty. He then filed a motion for a new trial, which was denied by the court below. The trial court sentenced appellant to ten months in prison on Count 1 of the indictment, to a mandatory prison term of three years on Count 2, and to a mandatory term of four years on Count 3. The judge ordered these terms to be served consecutively. Citing R.C. 2925.03(D)(1) and R.C.2929.18(B)(1), the court imposed a mandatory fine of $5,000 on Count 2 and a mandatory fine of $10,000 on Count 3. Further, the court ordered appellant to pay, among other things, court-appointed attorney's fees.
 {¶ 17} In his first assignment of error, appellant contends that the trial court erred in not granting his motion to dismiss Count 3 of the indictment due to improper venue. Specifically, appellant claims that because the drug transaction was concluded when Lisa Collins obtained the cocaine at appellant's home in Henry County, the proper venue for trial on that count was in Henry County. We note that appellant's motion to dismiss alleging improper venue refers to Count 2, not Count 3, of the indictment. Nonetheless, a reading of the motion itself, the trial transcript, and the trial court's ruling on appellant's motion reveals that appellant was requesting the dismissal of Count 3 and that the trial court denied the motion as to Count 3.
 {¶ 18} Venue relates to the right of a criminal defendant to be tried in the county in which the alleged offense occurred. Section 10, ArticleI, Ohio Constitution; R.C. 2901.12. Although venue is not an element of the charged offense, the prosecution has a burden of proving, beyond a reasonable doubt, that the offense happened in the county where the indictment was returned or that the defendant waived this right. Statev. Meridy, 12th Dist. No. CA2003-11-091, 2005-Ohio-241, at ¶ 12. Proper venue in any particular county is determined by examining the elements of the charged offense. State v. Warden, 6th Dist. No. WD-03-065,2004-Ohio-6306, at ¶ 26. If any element of the charged offense was committed in the county where the offense was tried, venue is proper. R.C. 2901.12(A); State v. Headly (1983), 6 Ohio St.3d 475, paragraph one of the syllabus.
 {¶ 19} Under R.C. 2925.01(A), trafficking in drugs is defined as knowingly selling or offering to sell a controlled substance. It is undisputed that appellant offered to sell and actually sold cocaine, a controlled substance under R.C. 3719.41 and 3719.99, to Lisa Collins. A "sale" of a controlled substance includes, inter alia, the delivery, exchange, or transfer of the controlled substance or an offer thereof. R.C. 3719.01(AA).
 {¶ 20} In the case before us, Lisa was given, or "fronted" the one ounce of cocaine in Henry County. However, the exchange was not complete until she paid appellant the $1,000 in Fulton County. Thus, the "selling" element of the alleged crime took place in both counties, and venue was proper in Fulton County. Accordingly, the trial court did not err in denying appellant's motion to dismiss Count 3 for lack of proper venue, and appellant's first assignment of error is found not well-taken.
 {¶ 21} Appellant asserts in his second assignment of error that his right to equal protection under the law was violated because the Collins received a lesser punishment than he did.
 {¶ 22} Equal protection is guaranteed by the Fourteenth Amendment to the United States Constitution, and Section 2, Article I, Ohio Constitution. The Equal Protection Clause provides a way of challenging legislative classifications. Jones v. Helms (1981), 452 U.S. 412, 423-424. "Equal protection of the laws requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class." State ex rel. Nyitray v. Indus. Comm. of Ohio (1983),2 Ohio St.3d 173, 175.
 {¶ 23} Appellant apparently argues that Ohio's sentencing statute creates a class of "Traffickers in Cocaine" under which African-American cocaine traffickers receive disparate treatment than those cocaine traffickers who are not African-Americans. We disagree. First, appellant fails to point to any specific provision in Ohio's sentencing scheme that creates such a classification. Second, there is absolutely no evidence in this cause to demonstrate that Lisa and Russell Collins are also traffickers in cocaine. Rather, the evidence establishes that the practice of "fronting" cocaine to his buyers and receiving payment at a later date was appellant's modus operandi. Additionally, the amount of cocaine purchased by Lisa Collins was the result of a controlled buy — not her desire to obtain cocaine from appellant for re-sale. Appellant's second assignment of error is found not well-taken.
 {¶ 24} In his third assignment of error, appellant claims that in imposing consecutive sentences the trial court was required to erroneously consider facts not admitted by appellant, in violation of appellant's Sixth Amendment right to trial by a jury and contrary to the United Supreme Court's decision in Blakley v. Washington, 541 U.S. 36. This court previously held that the decision in Blakely does not apply to Ohio's indeterminate sentencing scheme. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Therefore, appellant's third assignment of error is found not well-taken.
 {¶ 25} In his fourth assignment of error, appellant maintains that the trial court erred in denying his motion for a new trial. Appellant based his motion on alleged "false and inconsistent statements made by both Deputy Schweinhagen and Lisa Collins "that rose to the level of perjury." These statements related to whether or not a crack pipe was found when the task force searched appellant's residence and the methods used in searching Lisa prior to each meeting with appellant.
 {¶ 26} Generally, the decision of whether to grant or deny a motion for new trial is committed to the sound discretion of the trial court.State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. We will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. State v. Hawkins (1993),66 Ohio St.3d 339, 350. An abuse of discretion is more than a mere error in law or judgment; it implies that a court's attitude in reaching its decision is unreasonable, arbitrary, or unconscionable. State v. Sailor,
8th Dist. No. 83552, 2004-Ohio-5207, at ¶ 43, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 27} Crim. R. 33(A) sets forth grounds for a new trial. One ground enumerated in the statute is the misconduct of the witnesses for the state. Crim.R. 33(A)(2). However, if a defendant claims a right to a new trial on this ground, he must submit "an affidavit showing their truth." Crim.R. 33(C). When a defendant fails to attach the requisite supporting affidavit, the court, in its discretion, may summarily deny the motion.State v. Rogers (1990), 68 Ohio App.3d 4, 7; Toledo v. Stuart
(1983), 11 Ohio App.3d 292, 293.
 {¶ 28} In the present case, appellant's motion for a new trial was predicated upon purported misconduct of witnesses for the state. Appellant, nevertheless, failed to submit the mandated affidavit in support of that ground. Consequently, the trial court's attitude in summarily denying appellant's motion for a new trial was not unreasonable, arbitrary, or unconscionable. Appellant's fourth assignment of error is found not well-taken.
 {¶ 29} Appellant's fifth assignment of error asks this court to find that the trial court erred in imposing mandatory fines in the amount of $15,000 without inquiring into appellant's ability to pay those fines. Appellant points out that he did file an affidavit of indigency for the purpose of obtaining appointed counsel. He asserts that this affidavit should be sufficient for the purpose of determining his inability to pay the $15,000. Furthermore, appellant asks this court to find that the trial court erred in ordering him to pay the cost of his court-appointed attorney.
 {¶ 30} R.C. 2925.03(D)(1) and R.C. 2929.18(A)(3) (c) provide that a defendant convicted of a third degree felony may be ordered to pay a fine of not more than $10,000. R.C. 2925.03(D)(1) and R.C. 2929.18(A)(3) (b) state that a defendant convicted of a second degree felony may be ordered to pay a fine of not more than $15,000. R.C. 2929.18(B)(1) mandates that at least one-half of a maximum statutory fine be imposed for a first, second, or third degree felony. However, the mandatory fine may be avoided if:
 {¶ 31} "* * * an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, * * *." Id.
 {¶ 32} Our review of the record of this cause discloses that appellant did not file an affidavit of indigency pursuant to R.C. 2929.18(B)(1) prior to sentencing. The fact that he was determined to be indigent for the purposes of appointed counsel "`is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine.'" State v. Millender, 5th Dist. No. 03-CA-78, 2004-Ohio-871, at ¶ 8, quoting State v. Bolden, 12 Dist. No. CA2003-03-007, 2004-Ohio-184. See, also, State v. Johnson, 6th Dist. No. L-03-1046, 2004-Ohio-2458, at ¶ 33. The difference exists between a defendant's ability to raise an initial retainer in order to obtain counsel as opposed to the period of time given to gradually pay the imposed mandatory fine. State v. Young,
5th Dist. No. 03-CAA-10051, 2004-Ohio-4002, at ¶ 16. Thus, appellant cannot rely on the affidavit of indigency for the purpose of receiving appointed counsel to demonstrate indigency for the purpose of avoiding the mandatory fines.
 {¶ 33} With regard to appellant's second argument under this assignment of error, R.C. 2941.51 governs the imposition of costs for appointed counsel fees. Generally, under this statute, the county or municipality pays the attorney's fees of an indigent criminal defendant. R.C. 2941.51(A). A court may order a defendant to pay the fees of appointed criminal defense counsel only if there is a finding on the record that the defendant has the ability to pay. State v. John, 6th Dist. No. L-03-1261, 2005-Ohio-1218, at ¶ 37 (citations omitted). In the case sub judice, the trial court failed to make a finding on the record that appellant has the ability to pay his court-appointed attorney's fees. Thus, appellant's second argument has merit, and appellant's fifth assignment of error is found not well-taken, in part, and well-taken, in part.
 {¶ 34} In his sixth assignment of error, appellant contends that if his affidavit of indigency filed for the purpose of obtaining appointed counsel is insufficient for the purpose of avoiding the imposition of the mandatory fines, he was denied effective assistance of counsel under theSixth Amendment to the Constitution of the United States.
 {¶ 35} To demonstrate a claim of ineffective assistance of counsel, an appellant must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, the result of the trial would have been different.Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 36} This court previously held that the failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel in a case where the record establishes a reasonable probability that the defendant would be found indigent thereby avoiding the obligation to pay a mandatory fine. State v. Gilmer (Apr. 26, 2002), 6th Dist. No. OT-01-015, 2002-Ohio-2045. Accord, State v. Sheffield, 2d Dist. No. 20029, 2004-Ohio-3099, at ¶ 13 (and the cases cited therein). Nonetheless, in a case where there is insufficient evidence in the record to establish that an appellant is indigent and is unable to pay the mandatory fines, this court decided that counsel was not ineffective.Johnson, at ¶ 47; Sheffield, at ¶ 17.
 {¶ 37} Despite appellant's argument to the contrary, there is a dearth of evidence in the record of this cause to show an inability to pay the mandatory fines. From the presentence investigation report, we know that he is 30 years old, is married, has children, graduated from high school, has no disabling physical condition, and owns his home (on land contract). Thus, we find that the record does not establish a reasonable probability that the defendant would be found indigent. Trial counsel's performance was therefore not deficient. As a result, appellant's claim of ineffective assistance of counsel must fail, and his sixth assignment of error is found not well-taken.
 {¶ 38} Appellant's seventh assignment of error asserts that the trial court erred in imposing a $10,000 mandatory fine as to Count 3. At the sentencing hearing, the trial court discussed the mandatory fines to be assessed and stated: "* * * the mandatory minimum fines will be imposed. And then no fine as to Count I. It's 5,000 as to Count II and 10,000 as to Count III; am I correct? Those will be imposed as well." In his judgment entry on sentencing, the trial judge also imposed the foregoing figures as the mandatory fines without mentioning that they were the minimum fines.
 {¶ 39} R.C. 2929.18(A)(3) sets forth the maximum fines that a court can impose on a defendant. For a third degree felony, the maximum fine is $10,000. R.C. 2929.18(A)(3)(c). The maximum fine for a second degree felony is $15,000. R.C. 2929.18(A)(3)(b). As stated infra, R.C.2929.18(B)(1) requires a trial court to impose a mandatory fine on a defendant convicted of any drug offense of the first, second, or third degree. In such circumstances, the court may not impose a fine of less than one-half of the statutory maximum amount. Id.
 {¶ 40} As applied to the case before us, the trial court imposed one-half of the maximum fine on appellant for the third degree felony (Count 2). As can be readily seen, however, the lower court did not impose one-half of the maximum fine, specifically $7,500, for the second degree felony (Count 3). Nevertheless, for the following reason we find no error on the part of the trial court. The trial judge's statement concerning "minimum" mandatory fines was not incorporated into its judgment entry. Therefore, because a court speaks only through its journal, the statement has no force. See State v. Keenan,81 Ohio St.3d 133, 154, 1998-Ohio-459. Thus, appellant's seventh assignment of error is found not well-taken.
 {¶ 41} In appellant's eighth and final assignment of error, he urges that he was provided with ineffective assistance of trial counsel because of counsel's failure to object to the trial court's miscalculation of the minimum fine for Count 3 at the sentencing hearing. Again, due to the fact that the court's statement at the sentence had no force, trial counsel did not fail in his duty to his client by failing to make such an objection. Accordingly, appellant's eighth assignment of error is found not well-taken.
 {¶ 42} The judgment of the Fulton County Court of Common Pleas is affirmed as to appellant's conviction and sentence. The judgment is vacated only as to the imposition of the cost of attorney's fees and remanded to the trial court to amend its judgment accordingly. Costs of this appeal assessed to appellee pursuant to App.R. 24.
Judgment Affirmed, in Part, and Vacated, in Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.
[1] The task force confiscated the cocaine and all subsequent purchases of cocaine made by Lisa Collins when she was acting as an informant.