OPINION
{¶ 1} Defendant-Appellant, Michael S. Frazier, appeals a judgment of the Hancock County Court of Common Pleas, sentencing him upon his convictions for five counts of trafficking in cocaine. On appeal, Frazier asserts that the trial court erred in ordering him to pay a fine of thirty-two thousand five hundred dollars without considering his ability to pay that fine. Additionally, Frazier asserts that he was denied his constitutional right to effective assistance of legal counsel, because his trial counsel failed to file an affidavit of indigence on his behalf prior to sentencing. Finally, Frazier asserts that the trial court erred in considering facts not found by the jury during sentencing in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004). Based on the following, we affirm in part and reverse in part.
 {¶ 2} In June of 2003, Frazier was indicted on five counts of trafficking in cocaine in violation of R.C. 2925.03(A), felonies of the first, second and fourth degrees. In January of 2004, Frazier requested that his court-appointed attorney be allowed to withdraw so that he could be represented by retained counsel. Frazier stated that although he did not have any money to retain counsel, his family was willing to pay for his attorney at this time. Even though Frazier had previously been found indigent for the purposes of obtaining court appointed counsel, the trial court granted Frazier's request to be represented by retained counsel.
 {¶ 3} Subsequently, a jury trial was held, and Frazier was found guilty of the five counts of trafficking in cocaine. In November of 2004, a sentencing hearing was held. At the hearing, the trial court sentenced Frazier upon his convictions. The trial court sentenced Frazier to eight years in prison and imposed a mandatory fine of ten thousand dollars for count one, trafficking of an amount of crack cocaine that equals or exceeds twenty-five grams but is less than one hundred grams in violation of R.C. 2925.03(A), a felony of the first degree; to eight years in prison and imposed a mandatory fine of seventy-five hundred dollars for count two, trafficking of an amount of crack cocaine that equals or exceeds ten grams but is not less than one hundred grams in violation of R.C. 2925.03(A), a felony of the second degree; to seventeen months in prison for count three, trafficking of an amount of crack cocaine that is less than one gram within one thousand feet of the boundaries of a school premises in violation of R.C. 2925.03(A) and R.C.2925.01(R), a felony of the fourth degree; to five years in prison and imposed a mandatory fine of seventy-five hundred dollars for count four, trafficking of an amount of crack cocaine that equals or exceeds ten grams but is less than twenty-five grams in violation of R.C. 2925.03(A), a felony of the second degree; and, to seven years in prison and imposed a mandatory fine of seventy-five hundred dollars for count five, trafficking in an amount of crack cocaine that equals or exceeds twenty-five grams but is less than one hundred grams in violation of R.C. 2925.03(A), a felony of the second degree. Additionally, the trial court ordered the sentences of imprisonment under counts one and two to be served concurrently and the sentences imposed under counts three, four and five to be served consecutively. Frazier's mandatory fines totaled thirty-two thousand five hundred dollars.
 {¶ 4} It is from this sentencing Frazier appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED BY ORDERING MR. FRAZIER TO PAY A $32,500.00 FINEWITHOUT CONSIDERING MR. FRAZIER'S PRESENT AND FUTURE ABILITY TO PAY ASREQUIRED BY R.C. 2929.19(B)(6). (SENTENCING T.P. 22; NOVEMBER 22, 2004JUDGMENT ENTRY).
 Assignment of Error No. II TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATIONOF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE OHIOCONSTITUTION, SECTION 10, ARTICLE I, WHEN, PRIOR TO SENTENCING, TRIALCOUNSEL FAILED TO FILE AN AFFIDAVIT OF INDIGENCY ON MR. FRAZIER'SBEHALF. (SENTENCING T.P. 22; NOVEMBER 22, 2004 JUDGMENT ENTRY).
 Assignment of Error No. III THE TRIAL COURT DENIED MR. FRAZIER DUE PROCESS OF LAW AND THE RIGHT TOA JURY TRIAL, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTSTO THE UNITED STATES CONSTITUTION, BY SENTENCING MR. FRAZIER TO PRISONBASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. FRAZIER.(SENTENCING T.P. 18-24; NOVEMBER 22, 2004 JUDGMENT ENTRY).
 {¶ 5} Due to the nature of the assignments of error, we choose to address them out of order.
 Assignment of Error No. II {¶ 6} In the second assignment of error, Frazier contends that he was denied his right to effective assistance of counsel when, before he was sentenced, his trial counsel failed to file an affidavit of indigence alleging that he was unable to pay the mandatory fines in R.C. 2929.18
applicable to his felony drug offenses. {¶ 7} An ineffective-assistance-of-counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. Statev. Bradley (1989), 42 Ohio St.3d 136, para. two of syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at para. three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v.Waddy (1992), 63 Ohio St.3d 424, 433, superseded by Constitutional amendment on other grounds as recognized by State v. Smith (1997),80 Ohio St.3d 89, 103.
 {¶ 8} R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses. That section provides:
* * *
If an offender alleges in an affidavit filed with the court prior tosentencing that the offender is indigent and unable to pay the mandatoryfine and if the court determines the offender is an indigent person andis unable to pay the mandatory fine described in this division, the courtshall not impose the mandatory fine upon the offender."
 {¶ 9} The failure to file an affidavit of indigence prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found a defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed. State v. Harris, 6th Dist. No. F-04-005, 2005-Ohio-1779, at ¶ 36; State v. Sheffield, 2d Dist. No. 20029, 2004-Ohio-3099, at ¶ 13; State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, at ¶ 75; State v. Williams (1995), 105 Ohio App.3d 471,482; State v. Powell (1992), 78 Ohio App.3d 784, 787.
 {¶ 10} Information regarding a defendant's financial status is typically outside the record on merit appeal; therefore, the more appropriate vehicle for pursuing this issue is a post-conviction relief proceeding filed pursuant to R.C. 2953.21. State v. Gilmer, 6th Dist. No. OT-01-015, 2002-Ohio-2045. However, in this case there is sufficient evidence in the record before us to demonstrate a reasonable probability that the trial court would have found Frazier indigent and unable to pay the fine had defense counsel filed an affidavit of indigence prior to sentencing.
 {¶ 11} Herein, the trial court found Frazier to be indigent both before and after imposing its sentence. First, Frazier had been found to be indigent, following his being indicted, and he had been appointed counsel. While Frazier subsequently requested that he be represented by retained counsel, he also stated that it was his family that was paying for such counsel. Additionally, the trial court again found Frazier to be indigent for the purposes of appointing appellate counsel. Immediately following the imposition of sentence, the trial court stated the following on the record:
Court: Mr. Frazier, do you have the necessary funds to retain somebodyfor appeal?
 Defendant: No, I don't.
 Court: Mr. Frazier, I am going to take another look here and take youto your word that you are indigent * * *.
 {¶ 12} Additionally, upon review of the record, it is evident that the trial court based its findings as to the imposition of sentence upon the fact that no affidavit of indigence had been filed. Specifically, the trial court stated, immediately before imposing sentence, that "[t]he Court also finds there has been no affidavit of indigency (sic.) filed as to the mandatory fine situation." Upon making that finding, the trial court did not make any additional inquiry into Frazier's ability to pay. Finally, the presentence investigation report shows that Frazier denied having any assets and that he had a poor work history.
 {¶ 13} Thus, it is clear from the trial record that Frazier was not given the opportunity to demonstrate that he was indigent for the purposes of avoiding the thirty-two thousand dollar fine. Additionally, the trial court's prior and subsequent findings of Frazier's indigence weigh heavily in favor of such a finding at the time of sentencing as well. We are persuaded that it is reasonable to conclude that Frazier, age thirty-three, facing twenty-one years in prison and a thirty-two thousand dollar fine, could have proven himself indigent had his trial counsel submitted a proper affidavit of indigence.
 {¶ 14} To the extent that Frazier's trial counsel failed to file an affidavit of indigence when he faced imposition of his sentence, we find that he was denied effective assistance of counsel. Accordingly, Frazier's second assignment of error is sustained.
 Assignment of Error No. III {¶ 15} In the third assignment of error, Frazier contends that the trial court violated his right to a trial by jury when it imposed a prison term upon him based on findings not admitted by him or submitted to a jury. Frazier relies upon the holding in Blakely for this proposition. This Court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Frazier's second assignment of error overruled.
 Assignment of Error No. I {¶ 16} In the first assignment of error, Frazier contends that the trial court erred in imposing the mandatory fines without making a finding as to his present or future ability to pay. Based on the foregoing it is unnecessary for this Court to address this assignment of error. Pursuant to App.R. 12(A)(1)(c), the first assignment of error has been rendered moot.
 {¶ 17} Having found no error prejudicial to appellant in the third assignment of error, but having found error prejudicial to appellant in the second assignment of error, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part and cause remanded.
 Cupp, P.J., and Shaw, J., concur.