DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of one count of complicity to trafficking in cocaine. For the following reasons, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "I. The court's sentence is contrary to law and the trial court committed prejudicial error in sentencing appellant without making the required 2929.11 et seq. findings.
 {¶ 4} "II. Defense counsel's performance of his duties was deficient in that he made errors so serious that he failed to function as the counsel guaranteed by the Sixth Amendment and appellant was prejudiced by said errors."
 {¶ 5} On November 20, 2003, appellant was indicted on one count of complicity to trafficking in crack cocaine in violation of R.C. 2923.03(A)(2) and (3), and R.C. 2925.03(A) and (C)(4)(f), a felony of the first degree. The case was tried before a jury on November 9, 2004, and on November 10, 2004, the jury found appellant guilty. On December 17, 2004, the trial court sentenced appellant to five years imprisonment and a fine of $10,000.
 {¶ 6} We will begin by addressing appellant's second assignment of error. In support of this assignment of error, appellant asserts he received ineffective assistance of counsel due to his counsel's failure to provide the trial court with an affidavit of indigency regarding the mandatory fine. Appellant also argues trial counsel was ineffective for failing to call any witnesses.
 {¶ 7} To demonstrate a claim of ineffective assistance of counsel, an appellant must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, the result of the trial would have been different. Strickland v.Washington (1984), 466 U.S. 668, 687.
 {¶ 8} R.C. 2929.18(B) provides that a mandatory fine shall not be imposed upon an indigent offender if the offender alleges in an affidavit filed prior to sentencing that he is indigent and unable to pay the fine. Filing an affidavit of indigency, however, does not automatically entitle an offender to a waiver of a mandatory fine. State v. Sieng, 10th Dist. No. 04AP-556,2005-Ohio-1003, ¶ 44. The offender bears the burden of affirmatively demonstrating his indigency and inability to pay the fine. State v. Gipson, 80 Ohio St.3d 626, 635,1998-Ohio-659. This court has held that the failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel in a case where the record establishes a reasonable probability that the defendant would befound indigent thereby avoiding the obligation to pay a mandatory fine. State v. Gilmer (Apr. 26, 2002), 6th Dist. No. OT-01-015, 2002-Ohio-2045. Accord, State v. Sheffield, 2d Dist. No. 20029, 2004-Ohio-3099, at ¶ 13 (and the cases cited therein). Nonetheless, in a recent case where there was insufficient evidence in the record to establish that an appellant was indigent and unable to pay the mandatory fines, this court decided that counsel was not ineffective. State v. Johnson, 6th Dist. No. L-03-1046, 2004-Ohio-2458, at ¶ 47. Se also,Sheffield, supra, at ¶ 17.
 {¶ 9} Appellant herein has not persuaded us that an affidavit of indigency would have had a "reasonable probability" of being accepted by the trial court. From the presentence investigation report, we know that appellant was 29 years old at the time of the interview, his most recent employer reportedly would be willing to hire him again, and he has no child support obligations. Further, we note appellant had the means to retain counsel for trial. Thus, we find that the record does not establish a reasonable probability that appellant would have been found indigent. Trial counsel's performance was not deficient in this regard and appellant's first argument is without merit.
 {¶ 10} As to the failure to subpoena and call any witnesses, the record indicates this matter was set for trial in July 2004, and then rescheduled. Apparently, defense counsel had issued subpoenas for several witnesses to testify on the original trial date but did not reissue any of them for the rescheduled date. This information came to light during a discussion at the bench regarding witnesses during trial. At that time, defense counsel indicated he had filed motions to transport witnesses prior to the first trial date and indicated his belief that the subpoenas and motions to transport would "carry over" for the new trial date. The prosecutor explained to counsel that the original subpoenas were invalid after the original trial date.
 {¶ 11} After the state rested, defense counsel informed the court he would not be calling any witnesses. In regard to the subpoenas, counsel stated he "thought there was a carryover * * *." Counsel then explained that the witnesses he had planned to call would have rebutted the testimony state's witness Jamell Richardson, who was declared unavailable pursuant to Evid.R. 804.
 {¶ 12} In order to show that he received constitutionally ineffective assistance, appellant must prove that he was prejudiced by trial counsel's failure to call witnesses. This is the point at which appellant's argument fails. Appellant asserts that the outcome of his trial would have been different if counsel had called witnesses but presents no argument to support his claim. While a trial attorney should know that new subpoenas must be issued any time a trial date is changed, appellant has not shown that the result of the trial would have been otherwise if counsel had called witnesses he originally subpoenaed.
 {¶ 13} Based on the foregoing, we are unable to find that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's actions, the result of the trial would have been different. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 14} In his first assignment of error, appellant asserts the trial court sentenced him without making the findings required by R.C. 2929.11 et seq. Appellant argues the trial court failed to note the purposes and principles of felony sentencing set forth in R.C. 2929.11 and failed to consider the seriousness of the offense and recidivism factors as set forth in R.C.2929.12.
 {¶ 15} At appellant's sentencing hearing on December 17, 2004, the trial court stated: "In arriving at a sentence there are factors that the Court must look at. I do find that there has been a prior history of criminal convictions, as outlined by the prosecutor, and there's been a failure in the past to respond to probation and parole with respect to those charges and a failure to acknowledge a pattern of involvement with drugs to one degree or another."
 {¶ 16} The trial court further noted: "* * * there were charges involving drug abuse since 1994 and there have been approximately four or five of those. With that finding and noting the prior criminal history, I do find that the minimum sentence would demean the seriousness of the offender's conduct and not adequately protect the public from future crime."
 {¶ 17} In its judgment entry filed December 22, 2004, the trial court reemphasized that it had carefully reviewed the record, all oral statements, the presentence investigation report, the purposes and principles of sentencing, and various seriousness and recidivism factors. The trial court again noted appellant's history of criminal convictions, his failure in the past to respond favorably to probation or parole with respect to his prior charges and his failure to acknowledge a pattern of involvement with drugs. The trial court further found that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant or others. The trial court advised appellant that his conviction carried a mandatory prison term and a mandatory period of post release control.
 {¶ 18} Appellant now asserts the trial court erred by basing his sentence on facts that were not found by a jury and to which he had not admitted. We find the trial court articulated evidentiary reasons in support of appellant's sentences.
 {¶ 19} We further find, however, that this case is controlled by the recent decision of the Supreme Court of Ohio in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, which holds several of Ohio's sentencing statutes unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. This court has reviewed the entire record of proceedings before the trial court. We find that the sentencing court referenced R.C. 2929.14(B), deemed unconstitutional by Foster, which holds that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater-than-minimum sentences. Accordingly, appellant's first assignment of error is well-taken.
 {¶ 20} Foster was released while this case was pending on direct review. As such, Foster dictates that appellant's sentence is void, must be vacated, and remanded for resentencing on the basis of non-severed sentencing statutes.
 {¶ 21} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed as to sentence only and remanded solely for resentencing in conformity with Foster.
Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed, In Part and Reversed, In Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. concur.