OPINION *Page 2 
{¶ 1} The defendant-appellant, Michael S. Frazier ("Frazier"), appeals the August 24, 2006 Judgment entry regarding orders of re-sentencing entered in the Common Pleas Court of Hancock County, Ohio.
 {¶ 2} On June 11, 2003, Frazier was indicted by the Hancock County Grand Jury on five counts of trafficking in cocaine in violation of R.C.2925.03(A), felonies of the first, second and fourth degrees. Specifically, Count One of the indictment alleged that on or about May 28, 2003 Frazier did knowingly sell cocaine, a schedule II controlled substance in an amount that equals or exceeds twenty-five grams but is less than one hundred grams of crack cocaine with a co-defendant to an undercover agent in violation of R.C. 2925.03(A), a felony of the first degree. Count Two of the indictment alleged that on that same day Frazier did knowingly sell cocaine, a schedule II controlled substance in an amount that equals or exceeds ten grams but is less than one hundred grams of cocaine with a co-defendant within one thousand feet of the boundaries of a school premises to an undercover agent in violation of R.C. 2925.03(A), a felony of the second degree. Count Three of the indictment alleged that on October 5, 2002 Frazier did knowingly sell one plastic bag containing 0.53 grams of crack cocaine to another individual who turned around and handed said crack cocaine to a confidential informant within one thousand feet of the *Page 3 
boundaries of a school premises in violation of R.C. 2925.03(A), a felony of the fourth degree. Count Four of the indictment alleged that on May 8, 2003 Frazier did knowingly sell cocaine, a schedule II controlled substance, in an amount that equals or exceeds ten grams but is less than twenty-five grams of crack cocaine to co-defendants who handed said crack cocaine to a confidential informant in violation of R.C. 2925.03(A), a felony of the second degree. Count Five of the indictment alleged that on May 13, 2003 Frazier did knowingly sell cocaine, a schedule II controlled substance in an amount that equals or exceeds twenty-five grams but is less than one hundred grams of crack cocaine to a co-defendant who handed said crack cocaine to a confidential informant in violation of R.C. 2925.03(A), a felony of the first degree. These charges arose from Frazier's sale of narcotics from October 5, 2002 until May 28, 2003.
 {¶ 3} On October 15, 2004, a jury trial was held. Upon completion of the testimony and arguments, the jury returned guilty verdicts on all five counts of the indictment. On November 22, 2004, the trial court sentenced Frazier to a total of twenty-one years and five months in prison with a fine of thirty-two thousand, five hundred dollars. Specifically, he was sentenced to the following: Count One-eight years in prison and a mandatory fine of ten thousand dollars; Count Two-eight years in prison and a mandatory fine of seventy-five hundred dollars; Count Three — seventeen months in prison; Count Four — five years in prison and a *Page 4 
mandatory fine of seventy-five hundred dollars; and Count Five — seven years in prison and a mandatory fine of seventy-five hundred dollars. The trial court ordered the sentences of imprisonment as to counts one and two be served concurrently, one with the other and that this concurrent sentence along with the sentences imposed as to counts three, four, and five be served consecutively, one after the other.
 {¶ 4} Frazier appealed his sentence to this Court and on July 11, 2005, this Court in State v. Frazier, 3rd Dist. No. 5-04-57, 2005-Ohio-3515, affirmed in part and reversed in part. The case was remanded to the trial court on the issue of the mandatory fine. On August 3, 2005, Frazier appealed his sentence to the Supreme Court of Ohio. The Supreme Court of Ohio reversed and remanded the case to the trial court for re-sentencing consistent with the holding in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 5} On August 24, 2006, the trial court re-sentenced Frazier to an aggregate term of incarceration of twenty-one years and five months on the five various offenses and waived any mandatory fines. Thus, the trial court reimposed the exact same sentence from his original sentencing minus the mandatory fines.
 {¶ 6} On September 14, 2006, Frazier filed a notice of appeal raising the following assignments of error: *Page 5 
 Assignment of Error I THE TRIAL COURT ERRED BY DEPRIVING THE APPELLANT OF A LIBERTY INTEREST WITHOUT DUE PROCESS OF LAW.
 Assignment of Error II THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT IN VIOLATION OF THE EX POST FACTO CLAUSE.
 {¶ 7} Frazier's first and second assignments of error shall be addressed together because both assignments of error pose issues concerning his felony sentencing. He alleges in his first assignment of error that the trial court violated his Due Process rights by imposing a sentence of more than the minimum term for his offenses. In his second assignment of error, he claims that the trial court erred in sentencing him in violation of the Ex Post Facto Clause of the United States Constitution.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. *Page 6 
Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 9} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Frazier to a prison term of twenty-one years and five months. Frazier was found guilty by a jury trial on five felony counts, one a felony of the first degree, three felonies of the second degree, and one felony of the fourth degree.
 {¶ 10} Pursuant to R.C. 2929.14(A),
[t]he court shall impose a definite prison term that shall be one ofthe following:
 * * *
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 (3) * * *
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 (5) * * * *Page 7 
Frazier could have been sentenced to as little as three years or as much as thirty-five years and six months for the counts that he was found guilty of In this case, Rollins was sentenced to twenty-one years and five months.
 {¶ 11} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in his argument that his sentence violates the Due Process Clauses. Frazier was found guilty on October 15, 2004. He was sentenced to his prison term on November 22, 2004. He filed a notice of appeal with this Court in which we affirmed in part, and reversed and remanded in part regarding the mandatory fine. Then, Frazier appealed his case to the Supreme Court of Ohio. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006. On May 30, 2006, the Supreme Court of Ohio reversed and remanded the case for re-sentencing in accordance with Foster. On August 24, 2006, the trial court re-sentenced Frazier to an identical prison sentence as in his original sentence and waived the mandatory fines. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding inApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for his felonies has remained unchanged, so Frazier had notice of the potential sentence for his offenses. *Page 8 
 {¶ 12} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
 {¶ 13} Accordingly, we find Frazier's assignments of error are overruled and the August 24, 2006 Judgment entry regarding orders of re-sentencing entered in the Common Pleas Court of Hancock County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1