[Cite as *State v. Coffman*, 2011-Ohio-4284.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

STATE OF OHIO                                    :
                                                 :        Appellate Case No.   2010-CA-20
          Plaintiff-Appellee                     :
                                                 :        Trial Court Case Nos. 2010-CR-33
v.                                               :                              2010-CR-77
                                                 :
BRADLEY J. COFFMAN                               :
                                                 :        (Criminal Appeal from
          Defendant-Appellant        :           Common Pleas Court)
                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2011.

. . . . . . . . .

NICK A. SELVAGGIO, by SCOTT SCHOCKLING, Atty. Reg. #0062949, Champaign
County Prosecutor's Office, Courthouse, 200 North Main Street, Urbana, Ohio 43078
          Attorneys for Plaintiff-Appellee

DANIEL R. ALLNUTT, Atty. Reg. #0085452, Post Office Box 234, Alpha, Ohio 45301
          Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1}   This matter is before the Court on a Notice of Appeal filed by Bradley J.

Coffman on July 14, 2010. Coffman was convicted, after pleas of guilty, of one count of theft,

a felony of the fifth degree, and 31 counts of forgery, each felonies of the fifth degree, in case

# 2010 CR33, and 10 counts of forgery, each felonies of the fifth degree, in case # 2010

CR77. One count from each case was dismissed. Coffman was sentenced to an aggregate term of seven years in prison, being a combination of seven consecutive one-year sentences for each of the seven identified victims, and the remainder of the sentences of one year were ordered to be served concurrently. He was ordered to pay restitution of $1,912.99. He also was ordered to pay a $200.00 fine for each offense, but the court merged the fines to a single amount of $200.00. The defendant also was ordered to pay court costs. The trial court specifically found that the "defendant is employable and in good health. The defendant is able to pay costs, fine and restitution upon release from confinement." Journal Entry of Judgment filed June 22, 2010, pg. 13.

{¶ 2}   Counsel for Coffman filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, on January 11, 2011. We notified Coffman of his counsel's *Anders* brief and advised that he could file a pro se brief assigning any errors for review. Coffman filed his own brief on March 14, 2011.   The case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 3}   Counsel for Coffman asserts two potential assignments of error as follows:

{¶ 4}   A. "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM PERIOD OF IMPRISONMENT FOR EVERY COUNT, AND ORDERED THAT HE SERVE SEVEN OF THOSE COUNTS CONSECUTIVELY."

{¶ 5}   B. "THE APPELLANT'S SENTENCE OF SEVEN YEARS CONSTITUTES

CRUEL AND UNUSUAL PUNISHMENT, A VIOLATION OF APPELLANT'S RIGHTS UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

{¶ 6}  In *State v. Barker*, Montgomery App. No. 22779, 2009–Ohio–3511, ¶ 36, this court stated:

{¶ 7}  "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, at ¶ 37.'"

{¶ 8}  Once an appellate court determines that a sentence is not contrary to law, the decision of the trial court will only be found to be error if it constitutes an abuse of discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912. Here, there is nothing in this record to demonstrate that in imposing its sentence the trial court failed to consider either the purposes and principles of felony sentencing, R.C. 2929.11, or the seriousness and recidivism factors, R.C. 2929.12. We have reviewed the transcript of the sentencing hearing. The court considered the oral statements of counsel and of the defendant.  The court considered the defendant's record, which consisted of two prior cases in felony court.  On the first, the defendant was placed on community control but was revoked and ordered to spend time in MonDay, a community-based correctional facility.  The second case involved some 27 counts

of forgery, similar to the offenses in these cases. The defendant was originally sentenced to the West Central Community Correction facility, followed by community control supervision. He violated and was ordered to complete Nova House, which was unsuccessful. He was then sent to prison, but the court allowed him to be in the Intensive Program Prison early release, which was to a half-way house in Columbus, Ohio. In the present cases, the defendant was released on bond after the initial indictment. The defendant admitted that at least four of the ten counts in the second indictment were committed while he was out on bond on the first case. Given these facts, we would not be able to say that the trial court abused its discretion and, therefore, we do not consider the first potential assignment of error as having arguable merit.

{¶ 9} With regard to the second potential assignment of error, "[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69 (citations omitted). This concept was reiterated by the Ohio Supreme Court in the applicability of current sentencing statutes in the more recent case of *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, where the court held in the syllabus: "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." Accordingly, we cannot say that Maxwell's aggregate sentence constitutes cruel and unusual punishment. The second potential assignment of error does not have arguable merit.

{¶ 10} The defendant's pro se brief raises the following assignment of error:

{¶ 11} "DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN, BEFORE SENTENCING HE FAILED TO PREPARE AND FILE AN AFFIDAVIT INDICATING THAT HE WAS INDIGENT AND UNABLE TO PAY A FINE."

{¶ 12} For this court to find ineffective assistance of trial counsel, the defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that defendant was prejudiced by counsel's performance. Prejudice requires a determination that there is a reasonable probability that but for counsel's unprofessional errors, the result of defendant's trial or proceeding would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136.

{¶ 13} The defendant refers us to *State v. Sheffield*, Montgomery App. No. 20029, 2004-Ohio-3099, where this court indicated that the failure to file an affidavit of indigency *may* constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found the defendant indigent and waived the mandatory fine. In that case, the mandatory fine was $10,000.00. Nevertheless, the *Sheffield* court was unable to find a reasonable probability that the trial court would have found the defendant indigent. Here, the aggregate fine is only $200.00. All that is required is that the trial court must "consider the offender's ability to pay." R.C. 2929.19(B)(6). This the court did when it concluded that the defendant was employable and in good health. On this record, we are unable to conclude that the filing of an affidavit of indigency probably would have led the trial court to waive, or not impose, the fine. Therefore, the defendant's assignment of error does

not have arguable merit.

{¶ 14} In addition to reviewing the possible issues for appeal raised by defendant's appellate counsel, and the issue raised by the appellant, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, defendant's appeal is without merit, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

FROELICH and CELEBREZZE, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth  District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Nick A. Selvaggio
Scott Schockling
Daniel Allnutt
Bradley J. Coffman
Hon. Roger B. Wilson