[Cite as *State v. Murnahan*, 2018-Ohio-4762.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-233 |
| | : | |
| DONALD RAY MURNAHAN, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2018.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

WILLIAM O. CASS, Atty. Reg. No. 0034517, 135 W. Dorothy Lane, Suite 117, Dayton, Ohio 45429
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Donald Ray Murnahan, Jr. appeals from his convictions for possession of marijuana, possession of criminal tools, and attempted tampering with evidence. Murnahan contends that the trial court erred by sentencing him to three years in prison.

He also contends that his trial counsel was ineffective for failing to file an affidavit of indigency or to request that the trial court waive the mandatory fine imposed for the marijuana-possession offense. We conclude that Murnahan has not established that the prison sentence was unsupported by the record and has not established a claim for ineffective assistance of counsel. His convictions are affirmed.

## I. Facts and Procedural History

{¶ 2} In February 2018, Murnahan pleaded guilty to possession of marijuana, a third-degree felony (Count Two); possession of criminal tools, a third-degree felony (Count Three); and attempted tampering with evidence, a fourth-degree felony (Amended Count Four).[1] Murnahan also pleaded guilty to a specification for forfeiture of property attached to Count Two. The trial court sentenced Murnahan to a total of 3 years in prison and imposed a mandatory fine of $5,000.

{¶ 3} Murnahan appeals.

## II. Analysis

{¶ 4} Murnahan presents two assignments of error for our review. The first challenges his prison sentence, and the second claims that his trial counsel was ineffective for failing to file an affidavit of indigency or to request waiver of the fine.

### A. The prison sentence

{¶ 5} The first assignment of error alleges:

THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT

TO 3 YEARS.

---

[1] Count One (trafficking marijuana) and several firearm and forfeiture specifications were dismissed. Count Four was amended to include the lesser included offense of attempted tampering with evidence.

{¶ 6} A "trial court has full discretion to impose any sentence within the authorized statutory range." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range [and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.). " 'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of fact[ ] a firm belief or conviction as to the facts sought to be established.' " *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 7} R.C. 2929.11 establishes the purposes and principles of felony sentencing. It states that a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To that end, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future

crime, rehabilitating the offender, and making restitution." *Id.* In addition, a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing[,] * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 8} R.C. 2929.12 gives the court "discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). In exercising that discretion, the court must consider, among other things, "the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and * * * any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

{¶ 9} Here, the transcript of the sentencing hearing and the judgment entry show that the trial court considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶ 10} With respect to the seriousness factors, the trial court concluded that the factors indicating that Murnahan's conduct was more serious outweighed the factors indicating that his conduct was less serious. The court found that Murnahan committed the offense for hire or as part of organized criminal activity with his co-defendant. *See* R.C. 2929.12(B)(7). Together, they possessed 27 pounds of marijuana, which had a street value of $27,000. The court found that Murnahan stole $700 from his co-defendant, causing the co-defendant to shoot at him in a hotel parking lot where other vehicles were present. Murnahan called police for help, but not before disposing of a bag containing two

vacuumed-sealed bags of marijuana, a Pringle's can of marijuana, a loaded pistol, Ziploc sandwich baggies, and a black digital scale. The disposal of evidence led the trial court to conclude that Murnahan intended to deceive law enforcement about the nature of his dispute with his co-defendant. With respect to the less-serious factors, the trial court found that, in committing the offense, Murnahan acted under strong provocation, did not cause or expect to cause physical harm to any persons or property, and that no one suffered physical harm from the attempted shooting. *See* R.C. 2929.12(C)(2) and (3).

{¶ 11} As to the recidivism factors, the trial court concluded that the factors indicating that Murnahan's recidivism was more likely outweighed the factors indicating that it was less likely. The court found that Murnahan previously was adjudicated a delinquent child and had a history of criminal convictions. *See* R.C. 2929.12(D)(2). Although his criminal record consisted mostly of misdemeanors and theft offenses, as the State pointed out at the sentencing hearing, Murnahan had been involved with the court system almost every year since 2007. The court found that he had not been rehabilitated to a satisfactory degree and had not responded favorably to sanctions previously imposed. *See* R.C. 2929.12(D)(3). The court also found that Murnahan showed no genuine remorse for the offense. *See* R.C. 2929.12(D)(4). Finally, the court found that he stole from his co-defendant, an offense that was consistent with his criminal history of theft-related offenses. As for the recidivism-is-less-likely factors, the trial court found only that Murnahan was compliant with pretrial services and tested negative for controlled substances. The court noted that the Ohio Risk Assessment System (ORAS) assigned Murnahan an overall risk level of 15, or moderate.

{¶ 12} The trial court also concluded that it was required to impose a prison term

on Murnahan for the possession offense. For possession of between 5,000 and 20,000 grams of marijuana, "there is a presumption that a prison term shall be imposed for the offense." R.C. 2925.11(C)(3)(e). "[I]t is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1). But this presumption can be rebutted, and a community-control sanction may be imposed instead, if the sentencing court makes two findings. R.C. 2929.13(D)(2). One, the court must find that a community-control sanction "would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism." R.C. 2929.13(D)(2)(a). Two, the court must find that a community-control sanction "would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense." R.C. 2929.13(D)(2)(b).

{¶ 13} The trial court found that, in this case, the presumption in favor of a prison term was not rebutted. The court found that a community-control sanction would not adequately punish Murnahan and protect the public from future crime because the applicable factors indicating a lesser likelihood of recidivism did not outweigh the applicable factors indicating a greater likelihood of recidivism. The court also found that a community-control sanction would demean the seriousness of the offense because one

or more of the factors indicating that Murnahan's conduct was less serious than the conduct normally constituting the offense were either not applicable or did not outweigh the applicable more-serious-conduct factors.

{¶ 14} Murnahan argues that "the clear and convincing evidence in the record does not support the Court's findings under the relevant statutes and the Appellant's sentence is contrary to law." Appellant's Brief, 7. The only sentencing statutes that Murnahan explicitly cites are R.C. 2929.13 and R.C. 2929.14. *See id.* at 9 (saying that "the record does not support the Court's sentence under the statutory factors set forth in division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14."). But his argument focuses on the seriousness and recidivism factors in R.C. 2929.12. Murnahan says that "[t]he Court erred when it found that the statutory factors establishing the Appellant's conduct as more serious outweighed the statutory factors that his conduct was less serious. It also erred when it concluded that the Appellant was more likely than less likely to commit future offenses." *Id.*

{¶ 15} The focus of Murnahan's argument is his claim at the sentencing hearing that there were extenuating circumstances for his having the marijuana. Murnahan told the trial court that his co-defendant, his ex-girlfriend, was the one selling the marijuana. They had a falling out when he learned that she was communicating with another man. Murnahan said that he tried to hurt her by taking the marijuana that she was selling and her paraphernalia (the baggies and digital scale), and that he did not know that the marijuana weighed 27 pounds. Murnahan said that he also took her money, and when he tried to return it, she shot at him. He admitted that he called the police and then dumped the contraband in the woods so that the police would not find it on him.

{¶ 16} "Clearly," says Murnahan, his "involvement in the marijuana possession offense was the result of his unfortunate relationship with his drug trafficking ex-girlfriend and not something that was likely to reoccur in the future." (Appellant's Brief, 9). Murnahan asserts that there was no evidence that he colluded with his ex-girlfriend to sell marijuana and that there was no mention of the length of their criminal activity. Indeed, Murnahan told the court that they had just met. Murnahan also says that the court had no reason to believe that there had been extensive planning or that more than two people were involved. Murnahan further takes issue with the court's conclusion that he intended to deceive law enforcement officers because he disposed of the contraband in the woods. According to Murnahan, his explanation makes perfect sense: he did not want to get caught with marijuana that was not his. Murnahan also points out that his criminal record consists only of misdemeanor and theft-related offenses. In addition, Murnahan cites the court's finding that he had no history of drug use or drug-related convictions and that all of his drug tests while on bond were negative.

{¶ 17} The trial court listened to Murnahan's story and asked him numerous questions, but it is clear from the sentencing-hearing transcript that, in the end, the court simply did not believe him.

{¶ 18} Given the record before us, we cannot conclude that Murnahan's three-year prison sentence is either contrary to law or that there is clear and convincing evidence that the record does not support the sentence. Murnahan admits that a three-year prison term is within the statutory range, and the trial court "expressly state[d] that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, at ¶ 32 (2d

Dist.).

{¶ 19}  The first assignment of error is overruled.

## B. Ineffective assistance of counsel

{¶ 20} Murnahan alleges in his second assignment of error that his trial counsel was ineffective:

APPELLANT'S COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE AN AFFIDAVIT OF INDIGENCY OR REQUEST THE MANDATORY FINE BE WAIVED.

{¶ 21} The possession of marijuana offense to which Murnahan pleaded guilty carried a mandatory fine. R.C. 2929.18(B)(1) (stating that "[f]or a first, second, or third degree felony violation of any provision of Chapter 2925. * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine"); *see also* R.C. 2925.11(E)(1)(a) (saying that the court must impose the mandatory fine specified for the offense under R.C. 2929.18(B)(1)). But "the court shall not impose the mandatory fine upon [an] offender" "[i]f [the] offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine." R.C. 2929.18(B)(1); *see also* R.C. 2925.11(E)(1)(a) (saying that the court must impose the mandatory fine "unless, as specified in that division [R.C. 2929.18(B)(1)], the court determines that the offender is indigent").

{¶ 22} Murnahan contends that his trial counsel was ineffective because counsel did not file an affidavit of indigency asking the trial court to waive the mandatory fine. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate both

that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial or proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). We have said that "[t]he failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found Defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed." *State v. Sheffield*, 2d Dist. Montgomery No. 20029, 2004-Ohio-3099, ¶ 13.

{¶ 23} There is insufficient evidence here to show a reasonable probability that, had trial counsel filed an affidavit of indigency prior to sentencing, the trial court would have found Murnahan indigent and unable to pay the fine. The trial court considered Murnahan's ability to pay. The court reviewed the information contained in the pre-sentence investigation (PSI) report about Murnahan's age (just shy of 27), health (no physical or mental health problems or history), and education (high school, no apparent problems). The court also looked at his employment history. At the sentencing hearing, counsel told the court that Murnahan had "a good employment history." (Sentencing Tr. 4). Counsel continued: "He is currently working for Dole. As the report indicates, he works 40 hours a week. Also works for Furniture Express, at his discretion, occasional hours for deliveries." (*Id.* at 5-6). Counsel further told the court that Murnahan was just about to start a new and better job for a construction company. (*Id.* at 6). The PSI report supported counsel's statements. Lastly, the court considered that, while in prison, Murnahan could earn money in inmate work programs. Based on all the information presented, the court

found that Murnahan was "employable and in good health." (*Id.* at 23).

**{¶ 24}** There is little evidence in the record that Murnahan was indigent. The PSI report states that Murnahan said that he was struggling to make ends meet and that he was supported by his family and his girlfriend. But the report also gave his monthly income as $600 and listed only $465 in monthly expenses. Furthermore, there was no evidence to suggest that, when he is released from prison in three years, Murnahan will not be able to secure gainful employment and pay the fine over time. *Compare State v. Lewis,* 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶ 17 (finding no ineffective assistance of counsel for not filing an affidavit of indigency in part because there was no evidence showing a reasonable probability that the defendant would be "unable to pay a fine, over time, after being released from prison"); *State v. Dixon*, 2d Dist. Montgomery No. 23671, 2010-Ohio-4919, ¶ 15 (finding no ineffective assistance of counsel for not filing an affidavit of indigency in part because there was no evidence "demonstrating Defendant's inability to secure future employment"). Although Murnahan was appointed counsel on the basis of indigence, " '[a] finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction.' " *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55, quoting *State v. Felder*, 2d Dist. Montgomery No. 21076, 2006-Ohio-2330, ¶ 64. Our reasoning in *Lewis* applies here too:

The fact that [the defendant] was indigent at the time of trial for purposes of hiring counsel says little about his future employability or ability to pay a fine after being released from prison. Although [the defendant]'s indigency for purposes of obtaining counsel perhaps was not irrelevant to the fine issue,

in this case it also was not enough to establish a reasonable probability that his fine would have been waived if counsel had filed an affidavit. As set forth above, the trial court was aware of [the defendant]'s inability to hire an attorney when it found that he had the ability to pay a fine. It would be illogical, then, to hold that [the defendant]'s indigency for purposes of obtaining counsel was enough to create a reasonable probability that the trial court would have waived the fine if properly asked through an affidavit.

*Lewis* at ¶ 22. *See also State v. Edwards*, 2d Dist. Clark No. 2012-CA-49, 2013-Ohio-1922, ¶ 28 (quoting the same).

{¶ 25} On this record, we cannot conclude that a reasonable probability exists that, had trial counsel filed an affidavit of indigency before sentencing, the trial court would have found Murnahan indigent and waived the mandatory fine. Therefore Murnahan has failed to establish his claim for ineffective assistance of counsel.

{¶ 26} The second assignment of error is overruled.

### III. Conclusion

{¶ 27} We have overruled both assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J, concur.

Copies sent to:

Jane A. Napier
William O. Cass
Hon. Nick A. Selvaggio