[Cite as *State v. Musser*, 2019-Ohio-5271.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-8 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-145 |
| | : | |
| JUSTIN R. MUSSER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of December, 2019.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Appellate Division, Safety Building, 301 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Justin R. Musser appeals his conviction and sentence in Miami C.P. No. 19-CR-145, for one count of aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree. Musser filed a timely notice of appeal with this Court on July 1, 2019.

{¶ 2} In a previous case, Miami C.P. No. 18-CR-528, Musser was indicted for one count of possession of heroin, in violation of R.C. 2925.11(A)(C)(6)(b), a felony of the fourth degree. On January 7, 2019, Musser pled guilty as charged and was granted intervention in lieu of conviction (ILC). On February 27, 2019, Musser's ILC was revoked and he was placed on community control sanctions.

{¶ 3} In Case No. 19-CR-145, Musser pled guilty to one count of aggravated possession of drugs (methamphetamine); on June 14, 2019, the trial court sentenced Musser to 30 months in prison. On the same day, the trial court revoked Musser's community control in Case No. 18-CR-528 and sentenced him to 12 months in prison, to be served concurrently to the sentence imposed in Case No. 19-CR-145.

{¶ 4} Musser now appeals from the trial court's judgment in Case No. 19-CR-145.

{¶ 5} Musser's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN NOT OVERRIDING THE PRESUMPTION

OF A PRISON TERM.

{¶ 6} Musser contends that the trial court erred when it failed to override the presumption of a prison term pursuant to R.C. 2929.13(D)(2) and sentenced him to 30 months for aggravated possession of drugs. (The trial court also ordered Musser to serve a concurrent sentence of 12 months in prison for violating his community control in

Case No. 2018-CR-528, which he has not appealed.)

{¶ 7} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 8} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed

for similar crimes committed by similar offenders."

{¶ 9} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 10} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 11} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 12} At Musser's sentencing hearing, the trial court stated the following:

Trial Court: * * * The court has considered the pre-sentence investigation report as well as the letter from [Miami Valley Recovery Council] and the assessment they did. The court has to consider three principles in sentencing and that is to protect the public from future crime; punish you for the offense committed; and promote effective rehabilitation. The court finds in this case that you are 34 years old; you've demonstrated that you cannot let go of the drugs; that you know you're an addict; you're a daily meth user; for the most part you're unemployed; you go to your parents whenever it's convenient on the weekends to help them out or just to get some extra money; your juvenile record also includes drugs; you told the PSI writer, and I quote, my crime has been a huge smack in the face and [I] hope, with the chance, I could move forward and make better decisions in my life. The court doesn't believe that, and I don't know how this case could be a huge smack in the face, because you have given your history, and your ex-girlfriend overdosed; your brother died of an overdose. How did those events not wake you up? And if those two events didn't wake you up, then [on] November 12, 2018, you overdosed and you were hospitalized and you were in ICU because you had vomited and it was in your lungs.

* * *

This case, you were providing drugs; you know of two people who have already died; you could have died; and now you have more drugs;

you're affecting others. That is what the principles of sentencing is[sic] about; protecting the public; protecting other people from getting drugs. So, after the overdose that you had and you get a charge, you get granted ILC in December. You went to drug court and you were positive at drug court. You didn't complete any of your ordered treatment; your ILC was terminated in February; and you were ordered to complete in-patient treatment; don't tell me you didn't know about it. You had a warrant on that case, and you were being arrested on a warrant when this offense occurred. The problem is, it just wasn't the drugs, you then were resisting; you refused to take your hands out of your pockets; and then you were with a female hiding in the bathroom who had several warrants for her. So, you have no real stable income; you have no stable living environment; and you're hanging out with those people who are doing drugs as well, always in the criminal system.

* * *

On a felony of the third degree, it's presumed prison would be imposed unless you satisfy the conditions under [R.C.] 2929.13(D)(2). This requires the court to find that recidivism is less likely than the factors that recidivism is more likely and community control would not demean the seriousness of the offense due to the less serious factors outweighing the serious ones. *The court cannot agree that community control would work in your case at all. You had that case in November where you violated your terms of ILC; it was revoked; you did nothing to help yourself; you had*

*a warrant out for that case; and you violated community control, which is, again, why you're here today. Based on all I've indicated, on this charge you will serve a sentence of 30 months.*

* * *

* * * On the community violation, the court will impose the 12 months; terminate the community control and that will run concurrent with the sentence you just received.

(Emphasis added.) Sentencing Tr. 11-14.

{¶ 13} In the instant case, Musser was convicted of aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A)(C)(1)(b), which states in pertinent part:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

* * *

(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

* * *

(b) If the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated possession of drugs is a felony of the third degree, and there is a presumption for a prison term for the offense.

{¶ 14} Musser concedes that his felony drug possession offense carried a presumption of a prison term. Under R.C. 2929.13(D)(1):

any felony drug offense that is a violation of any provision of Chapter 2925 * * * of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.

{¶ 15} However, under certain circumstances, a trial court may depart from that presumption. As stated by the trial court during Musser's sentencing hearing, R.C. 2929.13(D)(2) provides an exception to the presumption of prison as follows:

[T]he sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender * * * for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from

future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

A trial court must make both of the above findings in order to overcome the presumption of a prison sentence. *Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph one of the syllabus.

{¶ 16} Relying on R.C. 2929.13(D)(2), Musser argues the trial court failed to state sufficient findings on the record to warrant the imposition of a prison term on his aggravated drug possession conviction. However, the finding requirements of R.C. 2929.13(D)(2) are only implicated where the court concludes that the presumption of prison has been rebutted by the relevant seriousness and recidivism factors of R.C. 2929.12. *See State v. Murnahan*, 2d Dist. Champaign No. 2018-CA-6, 2018-Ohio-4762, ¶ 12, 13.

{¶ 17} Based upon the trial court's findings quoted above, we conclude the presumption in favor of a prison term was not rebutted. The court found that a

community-control sanction would not adequately punish Musser and protect the public from future crime because the applicable factors indicating a lesser likelihood of recidivism did not outweigh the applicable factors indicating a greater likelihood of recidivism. The court also found that a community-control sanction would demean the seriousness of the offense because one or more of the factors indicating that Musser's conduct was less serious than the conduct normally constituting the offense were either not applicable or did not outweigh the applicable more-serious-conduct factors. Lastly, we note that the transcript of the sentencing hearing and the judgment entry establish that the trial court considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Simply put, based upon Musser's criminal history, his repeated noncompliance with ILC and community control sanctions, and his PSI, the trial court's decision to sentence Musser to a presumed prison sentence of 30 months was not contrary to law.

{¶ 18} Given the record before us, we cannot conclude that Musser's 30-month prison sentence is contrary to law or that there is clear and convincing evidence that the record does not support the sentence.[1] No one disputes that a 30-month prison term is within the statutory range, and the trial court "expressly state[ed] that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

{¶ 19} Musser's sole assignment of error is overruled.

{¶ 20} The judgment of the trial court is affirmed.

---

[1] Again, we note that the concurrent 12 month sentence in Case No. 2018-CR-528 imposed by the trial court is not the subject of this appeal.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Janna L. Parker
Glenda A. Smith
Hon. Stacy M. Wall